## Commonwealth by State Highway Commission v. Smith et ux.

(Decided May 7, 1929.)

JOHN E. CAMPBELL for appellant.

W. H. MILLER, F. J. EVERSOLE and P. T. WHEELER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

John Smith and his wife, Catherine, own a farm of 200 or 300 acres in Perry county, over which the state highway commission desired a right of way 3,800 feet in length for the construction of a state highway. In condemnation proceedings in the county court a jury awarded the landowners $600 in damages. The landowners prosecuted an appeal from that judgment to the Perry circuit court, and in a jury trial in that tribunal were awarded judgment in the sum of $2,000. Plaintiff appeals, insisting that the court erred in excluding competent evidence offered by plaintiff, in admitting incompetent evidence offered by defendants, and that the verdict is excessive.

Pending the appeal construction has progressed upon the road. It appears in evidence that about six acres of land were taken. Included in this is one-half acre of fertile bottom land, two acres of bottom land of a lower grade of fertility, and a small strip of garden; the remaining land taken being of but little value. Seven apple trees and an ornamental shade tree were destroyed. A fill 7½ or 8 feet high is constructed immediately in front of the defendant's residence which is located within 5 feet of the edge of the right of way. The road bisects defendant's farm and will necessitate the construction of several hundred yards of wire fence. It also appears that across the highway from defendant's residence is a small mine from which they formerly procured coal for domestic purposes, but which cannot now be reached on account of the high fill upon the road.

John Smith, defendant, testified to the above facts and introduced several witnesses who fixed his damage

at a higher sum than that awarded by the jury. Plaintiff introduced defendants' tax list showing that the entire farm, including all improvements thereon, had been assessed at the sum of $1,800, and undertook to show that the entire damage did not exceed $600. On this point its principal witness, Matt Cornett, testified that he is a citizen of Perry county; had owned land in the county; was familiar with land values; and that he had on two occasions viewed the right of way in question. He took up the different items of damage seriatim and estimated them in the aggregate at the sum of $600. He, however, admitted that he did not know of any land selling in that neighborhood, and for this reason the court excluded his evidence from the consideration of the jury. This ruling was manifest error. There are neighborhoods in which no sales of land are reported for years, and under this rule of qualification no testimony as to the value of such lands would be admissible. True, knowledge of actual sales of land in the community will assist the witness in forming his conclusions as to the value of a particular tract of land. But if he is familiar with conditions and prices of lands generally as applied to lands of like character similarly situated and has viewed the land in question, he is qualified to testify as to its value. It follows that the court erred in the rejection of Cornett's evidence, and as he was plaintiff's principal witness on this point this ruling was prejudicial.

Defendant testified as to the destruction of an ornamental tree. He was asked:

"I believe you told the jury that your daughter is now dead that set that ornamental tree there. A. Yes, sir.
"Q. Did you prize that more highly by reason of that? A. Yes, sir.
"Q. Considering that matter what was the reasonable value of that tree? A. I would not have had it moved for $500.00."

Plaintiff objected to these questions and moved to exclude the answers. Both were overruled and exceptions taken. Clearly this evidence was incompetent. The evidence should have been restricted to the value of the tree for ornamental purposes without any reference to its sentimental value. This error was also prejudicial.

We do not now determine whether the verdict of the jury was excessive. But for the reasons indicated the case must be and is reversed, and cause remanded for proceedings consistent with this opinion.