**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**J. S. DARCH et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 17, 1964.

was erroneously admitted because the witnesses were not qualified or because there was no proper basis for the statement of value.

The property acquired in this proceeding is at the intersection of Darch and Main or Lumber Streets in Beattyville. It is also the intersection of Kentucky Highways 11 and 52. It encompasses 8,904 square feet for permanent right of way, 471 square feet for temporary easement, and 1,009 square feet for permanent easement. The entire tract fronted 125 feet on Darch Avenue and 560 feet on Lumber Street and contained 70,000 square feet, or 1.61 acres. On the acquired lot there stood a wooden store building, two wooden sheds connected thereto, and a concrete storage shed. The store building was fifty or sixty years old and was being used as a hardware store. Only the concrete storage shed appears to be of recent vintage. A brick dwelling on the original tract was not taken.

The sole issue involved was the difference in market value before and after the taking. Commonwealth v. Sherrod, Ky., 367 S.W.2d 844.

J. S. Darch, an appellee, and three other witnesses testified for the appellees. Over objection to the form of the question, Darch testified that he thought the property taken "should be worth sixty or sixty-five thousand dollars." He fixed the value of the whole property before taking at $165,000, but gave no value for the remaining property. On cross-examination he admitted that his evaluation was made on the basis that he did not want to sell the property.

The proper criterion of value in a condemnation case, when part of a tract of land is taken, is the difference in the fair market value of the tract before and after the taking. Commonwealth v. Tyree, Ky., 365 S.W.2d 472. The fair market value may be stated as the price at which an owner who desires to sell but is not required to do so would sell the property in its then condition to a purchaser who desires

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Jarvis Allen, Dept. of Highways, Pikeville, for appellant.

H. M. Shumate, Shumate & Shumate, Irvine, for appellees.

MONTGOMERY, Judge.

The Department of Highways of the Commonwealth of Kentucky appeals from a judgment of $35,000 in favor of J. S. Darch et al., landowners, in a condemnation proceeding. In general, appellant contends that the testimony as to the property value

to purchase but is not compelled to do so. Commonwealth v. Begley, 272 Ky. 289, 114 S.W.2d 127. As was said therein, "It is not the 'value to the owner' that is the criterion any more than it is the 'value to the taker.'" Milby v. Louisville Gas & Electric Co., Inc., Ky., 375 S.W.2d 237 (1963). See also City of Newport Municipal Housing Commission v. Turner Advertising, Inc., Ky., 334 S.W.2d 767. The unwillingness of an owner to sell is not a proper measure by which to judge the value of the property to be taken. Nichols, Eminent Domain (1961 Ed.), Volume 4, Section 12.3141, page 175. The unwillingness of Darch to sell was an improper basis for him to use in the evaluation of his property. Appellant's objection thereto should have been sustained. See Commonwealth v. Smith, 229 Ky. 345, 17 S.W.2d 203, where admission of evidence of sentimental value to owner was held to be prejudicial error.

 Appellees' witness, J. Marshall Mahaffey, testified, "I base my value on what it would cost to build a building." He estimated the floor space of the building taken to be 8,000 square feet. Using this figure and the figure of $4.00 per square foot as the reproduction cost, he arrived at a value of $32,000 for the building taken. Actually only a total of 8,904 square feet was taken for a permanent right of way. The record indicates that the building taken occupied about 5,800 square feet. The witness also indicated a similar lack of knowledge concerning other dimensions of the property taken and property remaining. His testimony as to value was faulty on two grounds: lack of knowledge of the property and improper use of reproduction or replacement cost as the basis for his evaluation. Commonwealth v. Slusher, Ky., 371 S.W.2d 851; and Commonwealth v. Rankin, Ky., 346 S.W.2d 714. Such testimony was erroneous. Objections thereto should have been sustained.

The other two witnesses for the appellees demonstrated such a lack of knowl-

edge concerning the property to be taken, its condition and dimensions, and the result of such taking as to cast doubt on their qualifications and to indicate lack of support for their evaluations. Commonwealth v. Tyree, Ky., 365 S.W.2d 472. One of these witnesses, Jesse Tharp, used as a basis for evaluation offers made for other property. Such testimony has been condemned as improper. Commonwealth v. Begley, 272 Ky. 289, 114 S.W.2d 127.

The erroneous admissions of such testimony in behalf of appellees are deemed to have a cumulative prejudicial effect and to afford an improper evidential basis for the verdict.

Judgment reversed.