**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**J. S. DARCH et al., Appellees.**

Court of Appeals of Kentucky.

May 14, 1965.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Jarvis Allen, Pikeville, for appellant.

H. M. Shumate, Shumate, Shumate & Flaherty, Irvine, for appellees.

STEWART, Judge.

This highway condemnation proceeding was instituted in the Lee County Court by the Commonwealth of Kentucky, Department of Highways, against J. S. Darch and two other persons, the landowners, and thereafter appealed to the Lee Circuit

Court. The judgment entered at the first trial was reversed by this Court in Commonwealth, Department of Highways v. Darch, Ky., 374 S.W.2d 490. The property sought to be condemned is fully described in the opinion in that case.

A second trial resulted in a verdict of $40,000 for the property condemned, and this appeal is from the judgment entered. Reversal is urged because: (1) The trial court erred in admitting incompetent evidence; (2) the verdict is palpably excessive, as it is not supported by evidence of probative value; and (3) the landowners' attorney used tactics during the trial to discredit appellant's attorney and its witnesses which tended to and did prejudice the jury against appellant. The first two contentions will be considered together, as they tend to produce a common result.

A wide gap exists between the appraisal amounts stated by appellant's witnesses and those testified to by appellees' witnesses. The former, two in number, estimated the difference in market value of the property in litigation immediately before and immediately after the taking at $16,805 and $16,150, respectively. Five witnesses who testified for appellees fixed this difference at figures ranging from $50,000 to $65,000.

Appellant's two witnesses based their estimates upon three fairly recent sales of property comparable as to location and land area. One of these sales was a brick and title building 75′ x 90′ on a lot 75′ x 100′ in size. One story was completed and a second story with apartments was one-third finished at the time it was transferred. The sale was consummated on May 1, 1958, by A. J. Kinkaid to Lafayette Murray and the purchase price paid was $31,500. One of appellees' witnesses, J. M. Mahaffey, admitted the building on the Murray property was more valuable than the buildings on the land condemned. He stated he placed a market value of $50,000 on the property taken because he believed its location warranted his doing so.

Appellant's witnesses also testified to a sale of property on March 5, 1960, from W. T. Bumgardner to J. M. Wolfinbarger, as being comparable in most respects to the property taken. This was the sale of a two-story building on Main Street near the post office and the courthouse, in Beattyville. The lot on which the building is situated is 45′ x 90′, and the sale price was $20,000.

A third sale which these witnesses used as comparable in location and area to the parcel acquired by appellant from appellees was that of a vacant lot on Main Street where a new post office is now located. The sale of this lot was made on February 19, 1961, for $9700.

The pictures of appellees' property, which are filed as exhibits, show that on the portion of the land taken was a frame store building, conceded to be fifty or sixty years old, that was being used as a hardware store. Behind the store and attached to it were two wooden buildings in a poor state of repair. Also to the rear of the store was a small-sized concrete storage shed of recent construction.

Of the five witnesses testifying for appellees, one was J. S. Darch, a part owner of the land condemned. When asked how he arrived at his opinion of the fair market value of the land, he stated: "I am basing my figures on what it is worth to me. By the footage that I have there, and I told you that that was sixty five thousand dollars, the difference in my property before and after the taking." It was pointed out in the first appeal of this case that Darch's recital of what his property was worth to him was an improper basis for establishing its market value in a condemnation case. See 374 S.W.2d 490, 492. Appellant's motion to strike this testimony should have been sustained.

Another of appellees' witnesses, Dillard P. Tipton, was unable to state the dimensions of the land taken by appellant. Jesse M. Tharp, called to testify for appellees, was also confused about the amount of land

condemned. Henry L. Jones, who lived in another county, based his $50,000 valuation of the property taken, in part, on an examination of the property as he passed it in going through Beattyville and, in part, from questioning others who were familiar with it.

Only appellant's witnesses undertook to justify the valuations fixed by them by the use of other fairly recent sales considered comparable in most respects to the property taken. When appellees' witnesses were confronted on cross-examination with the prices paid for such properties and asked to state why the property condemned was more valuable, their answers would sometimes border on the ridiculous. For instance, when J. M. Mahaffey was requested on cross-examination to give a reason why the brick and tile building, sold on May 1, 1958, by A. J. Kinkaid to Lafayette Murray for $31,500, was less valuable than the property condemned which he had appraised at $50,000, he replied: "I know that they just gave that property away." Another witness, asked to compare the value of the new brick and tile building with that of the old frame buildings of appellees', stated he simply believed appellees' property was worth "twice as much."

We conclude the high figures brought out by appellees' witnesses are not borne out by the proof of the very witnesses who gave them. Stated differently, the quantum of probative value deducible from this proof is not adequate to support the verdict. Also the erroneous admission of considerable evidence in behalf of appellees, timely objected to but allowed to be considered, must be deemed to have had a cumulative prejudicial effect and afforded an improper evidentiary basis for the verdict. Therefore, we are of the opinion that a verdict of $40,000, when considered in the light of the entire record, is so palpably excessive as to shock the conscience at first blush. In such a case it becomes our duty to reverse. See Commonwealth, Department of Highways v. Williams, Ky., 383 S.W.2d 687, and Commonwealth, Department of Highways v. Lyons, Ky., 364 S.W.2d 336.

Another contention is that the trial judge erred in permitting counsel for appellees to make alleged prejudicial statements, both during the trial and when the case was being argued before the jury. Counsel for appellant did nothing more than interpose an objection and no action was taken by the bench. As the trial judge was not pressed for a ruling, each time, counsel must be presumed to have waived the matter about which complaint was made.

Wherefore, the judgment is reversed and remanded for further proceedings not inconsistent with this opinion.