**WHITESBURG MUNICIPAL HOUSING COMMISSION, URBAN RENEWAL SECTION, Appellant,**

v.

**Ralph B. BATES, Appellee.**

Court of Appeals of Kentucky.

March 3, 1967.

Ronald G. Polly, Combs & Polly, Whitesburg, for appellant.

John N. Cornett, Whitesburg, John Smith, Hindman, Bert T. Combs, Julius Rather, Lexington, for appellee.

OSBORNE, Judge.

The Letcher Circuit Court had entered a judgment awarding appellee $34,500 in a condemnation action. The taking consisted of a triangular lot and building at 124 West Main Street in Whitesburg, Kentucky. The lot contained approximately 7089 square feet. It fronts on Kentucky Route 15 for 138 feet; on Gibson Street for 102 feet; and on Highway 588 for 140 feet. The 15 year old building contained approximately 1176 square feet of usable floor space on two floors and in a basement. The

first floor was used as a restaurant. The second was a five-room apartment with a bath.

The appellant offered four evaluation witnesses whose estimates ranged from $17,500 to $22,500. The appellee offered six evaluation witnesses whose estimates ranged from $35,000 to $40,000.

Appellant's contentions are: (1) It was prejudicial error to strike the testimony of witness, Morris L. Mullins, for the appellant; (2) the trial judge erred in refusing to strike the testimony of witnesses, Ivan Childers and W. R. Smith, on the ground that they were not acquainted with the market values of the property in Whitesburg, Kentucky; and (3) the verdict is so palpably excessive as to be unreasonable and shows that the jury acted as the result of passion, partiality, and prejudice.

Witness Mullins testified that his knowledge of real estate values around Whitesburg was the result of the purchase of a residence and the purchase of property for his employer. Upon cross-examination, he admitted that he had not talked to other people in the community about the selling price of property. Also, he admitted that he was not acquainted with the fair market value of property in general. The court then struck the testimony of Mullins and admonished the jury.

The only basis for Mullins' expressing an opinion as to the market value was the witness' personal knowledge of two sales. He readily admitted that he did not know the general market conditions in the area. It is our opinion that the trial court properly excluded the evidence. Napier v. Commonwealth, Dept. of Highways, Ky., 397 S.W.2d 45. In any event the evidence of Mullins was cumulative and, therefore, its exclusion would not be considered prejudicial. Cr 61.01.

Witnesses, Childers and Smith, were licensed real estate brokers. The witnesses had conducted auctions in the Letcher County area. They testified that both had a knowledge of the fair market value of property in Letcher County. In 32 C.J.S. Evidence § 546(119), p. 457, it states:

"A witness, to be qualified to testify as to the value of realty, must know the property to be valued and the value of the property in the vicinity, must understand the standard of value, and must be possessed of the ability to make a reasonable inference."

This rule has been adopted in this jurisdiction. Commonwealth, Dept. of Highways v. Taylor, Ky., 368 S.W.2d 732 and Commonwealth, of Ky., Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851.

We cannot accept appellant's contention that Childers and Smith were not qualified to express an opinion as to the value of the property. Their qualifications as realtors and auctioneers in the community were sufficient to make the testimony admissible.

The verdict is within the range of the value figures presented both by appellant and appellee. A verdict will not be disturbed as excessive, unless it is given under the influence of passion or prejudice or in disregard of the evidence or the instructions of the court. Cr 59.01. Commonwealth of Ky., Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922; Salt River Rural Co-op. Corp. v. Thurman, Ky., 275 S.W.2d 780; Commonwealth, Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714; Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W. 472, and authorities there cited.

We do not find in this case that the verdict is excessive or is the result of bias, prejudice, or based on facts not supported by the evidence.

The judgment is affirmed.

All concur.