COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

FARMERS LIVESTOCK SALES, INC., Appellee.

Court of Appeals of Kentucky.

May 30, 1969.

John B. Breckinridge, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Clifford B. Latta, Prestonsburg, Edmond H. Tackett, Pikeville, Paul E.

Hunley, Dept. of Highways, Frankfort, for appellant.

Eldred E. Adams, Louisa, John W. McKenzie, Ashland, for appellee.

STEINFELD, Judge.

This is a highway condemnation case (KRS Chapter 177) to acquire an entire tract of business property contiguous to the western city limits of Louisa in Lawrence County, Kentucky. Claiming that trial errors resulted in an excessive verdict the Commonwealth appeals from the judgment entered thereon. We affirm.

In October 1954 the condemnee purchased 2.4 acres located on the corner of a county road and a city street. Shortly thereafter it constructed a livestock market building 85 x 120 feet which contained an office, thirty-one cattle pens, a sales ring, an inoculation chute, cattle weighing scales and a restaurant. It was served with city water, electricity, natural gas and sewerage. There were some roads on the property and a large area of the land was slagged and graveled to make it suitable for the use of heavy cattle trucks. 1.4 acres were level (except for a ravine used as a dump) and the remainder was a hill.

County court commissioners awarded $14,000.00 but after motion by the owner to quash the report was sustained, new commissioners were appointed and they reported that the value of the property taken was $37,500.00. From the county court judgment both parties appealed. The sole issue tried was the fair, reasonable market value of the land including improvements. After hearing the testimony of seven valuation witnesses the jury returned a verdict that the property on the date of taking was worth $45,000.00.

The Commonwealth contends that some of the witnesses who testified for the owners " * * * either were not qualified to state their opinions as to the value or

their testimony became incompetent because of factors and statements made in their evidence." It claims that these witnesses had " * * * no knowledge of property values in the vicinity or in the county wherein the above stock market was located." It argues that its motion to strike the testimony of these witnesses should have been sustained " * * * for it was without any probative value * * *" and that it was error not to admonish the jury, as it requested, to disregard that testimony.

■ Ivan Childers [1] and Clyde Williams were licensed real estate brokers. Clyde Kazee was a farmer who had traded in much land in the area. He testified that he was a student and attended many sales. J. R. Miller, President and Director of the condemnee corporation, had been involved in buying and selling "about ten" parcels of real estate in Louisa within the five or six years preceding the condemnation and had bought and sold about twelve city lots within that period. Fred Arrington had been engaged in the fire insurance business in Louisa for many years and had made appraisals of property for insurance and for mortgage loan purposes. Additionally he had bought and sold land in the area and had attended a number of real estate sales. Each of these valuation witnesses was qualified to express his opinion on that subject. Whitesburg Mun. Housing Comm., U. R. Sec. v. Bates, Ky., 412 S.W.2d 225 (1967); Snyder v. Com., Dept. of Highways, Ky., 423 S.W.2d 890 (1968).

The Commonwealth argues that some of these witnesses did not demonstrate a general knowledge of real estate values in the county and that this is a prerequisite to the right to express an opinion. It relies upon Com., Dept. of Highways v. Taylor, Ky., 368 S.W.2d 732 (1963); Com., Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851 (1963) and Whitesburg Mun. Housing Comm., U. R. Sec. v. Bates, supra. We reject this contention because all demon-

1. Childers was regarded a qualified appraiser in Whitesburg Mun. Housing Comm., U.R. Sec. v. Bates, Ky., 412 S.W.2d 225 (1967).

strated sufficient knowledge of real estate values in the area to express an opinion for the jury to consider.

■ It also contends that these witnesses did not show sufficient knowledge of comparable sales which they used. It cites Com., Dept. of Highways v. Darch, Ky., 390 S.W.2d 649 (1965) and Allen Co. v. Thoroughbred Motor Court, Ky., 272 S.W.2d 343 (1954). In Darch we said the answers of certain witnesses "* * * sometimes border(ed) on the ridiculous" and that their appraisals were unworthy of consideration. Allen held that the president of the condemnee corporation who had never bought or sold any property and who relied on only one sale was not qualified. Those situations do not prevail here. Those who are considered as "qualified experts on property values are not required to refer to comparable sales * * * [although such] * * * sales are helpful in determining value but other methods may be used." Com., Dept. of Highways v. Sellers, Ky., 421 S.W.2d 581 (1967). The cross-examination revealed the knowledge which the witnesses had of other sales. The amount of that knowledge only affected the weight of the testimony.

■■ Complaint is made that valuation witness Arrington stated "I considered value of land and property I would buy." It contends that such testimony violates our holding in Com., Dept. of Highways v. Darch, Ky., 374 S.W.2d 490 (1964) and Com., Dept. of Highways v. Darch, Ky., 390 S.W.2d 649 (1965). The two Darch cases stand for the proposition that the test of value is the worth in the market place and not what it is worth to the owner. Arrington was not the owner of the land although he was a director of the livestock company. He was asked if he knew the meaning of the term "market value". His answer disclosed that he did. From the extensive examination of this witness it appears to us that he was relying on general market value and that the jury was not misled by the remark complained of. Furthermore, when counsel for the Commonwealth moved to strike Arrington's testimony it was on other grounds. This issue is now presented for the first time, therefore, it may not rely on it. Beets v. Com., Ky., 437 S.W.2d 496, 497 (1969).

■ Williams was being cross-examined when he was asked, "How do you value a barn * * * just a barn?" The court sustained an objection on the basis that there was no barn involved and that the interrogation was argumentative. The ruling was correct. Mills v. Com., Ky., 254 S.W.2d 920 (1953); 98 C.J.S. Witnesses § 411, p. 212.

■ Appellant contends that its counsel was improperly restricted on the cross-examination of certain of appellee's witnesses. On being cross-examined Kazee was asked: "Well, now what did you consider the value of the real estate alone to be on March 31, 1965?" An objection by counsel for the owners was sustained on the basis that "* * * you can't divide it up." There was no avowal. Arrington too was asked on cross-examination, "In arriving at your complete appraisal of the property, it was necessary, I take it, to consider the improvements on the property as a separate item in arriving at the total appraisal, wasn't it?" Again counsel for the owners objected, claiming that an answer to the question would violate the "* * * 'break down' rule which the Court of Appeals has condemned." The objection was sustained, however, the court said in part "If you will just ask if he knows about the improvements and let it go, * * *" further interrogation along that line would be permitted. As an avowal Arrington answered "You have to consider buildings and you have to consider the land in arriving at a total value." Counsel then "requested permission to cross-examine the witness and go into specific detail as to how he appraised the individual items making up the total appraisal." The request was denied. No further avowal was in-

jected and no request was made to cross-examine the witness out of the hearing of the jury.

In Rodgers v. Cheshire, Ky., 421 S.W.2d 599 (1967), we said:

"No request was then made for permission to complete the question out of the hearing of the jury. No avowal was put into the record. We are not now in a position to say that the contestants were prejudiced by the ruling of the court."

That ruling applies here.

Finally it is contended that the verdict was excessive in that it was unsupported by sufficient probative evidence. This argument is mainly bottomed on a continuation of the attack on the qualifications of the witnesses and the knowledge they displayed. This complaint already has been disposed of. The values expressed ranged from a low of $20,000 to a high of $60,000. The verdict, $45,000, being within the range and being well supported by the evidence will not be disturbed. Com., Dept. of Highways v. Sellers, Ky., 421 S.W.2d 581 (1967).

The judgment is affirmed.

All concur.