## Commonwealth et al. v. Tate et al.

June 20, 1944.

Attorney General, for appellants.

Leslie W. Morris and Marion Rider for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellees, W. G. Tate and Wanda Tate, own a tract of land containing 14 acres located on the south side of U. S. Highway No. 60 just west of the corporate limits of the City of Frankfort. The land abuts on the

highway a distance of 176 feet, and appellees' residence is located about 50 feet south of the south right of way line of the highway. In 1941 the State Highway Department reconstructed U. S. Highway No. 60 from Frankfort to Shelbyville. Prior to the reconstruction of the highway the front part of appellees' land was practically on a level with the surface of the road. In reconstructing the highway the center line at this point was moved 10 or 15 feet north and a fill was constructed along the entire front of appellees' property. The fill is 11 feet high at the west line of the property and tapers down to $3\frac{1}{2}$ or 4 feet in height at the east line. The fill is made of dirt and rock, and in order to prevent the dirt and rock from sliding onto their land and to prevent the surface water from the road and fill from running thereon, the appellees constructed a stone retaining wall at a cost of $695. At its 1942 session the General Assembly of Kentucky adopted a resolution, Acts 1942, c. 229, authorizing W. G. Tate and Wanda Tate "to file and prosecute appropriate action against the Commonwealth of Kentucky and/or State Highway Commission, or either or both of them in the Franklin Circuit Court for the purpose of determining the extent, if any, of the damages resulting to the property of the owners caused by reason of the construction of the new road and fill aforesaid, if any there be." The resolution provided that the suit should be for a sum not to exceed $2,000. Pursuant to the resolution the appellees instituted this action to recover damages in the sum of $2,000. At the trial the jury returned a verdict for the plaintiffs for $1,750, and, from the judgment entered thereon, the defendants have appealed.

The Commonwealth contends that the appellees had an adequate remedy at law under KRS 177.060, which provides that all cost of acquiring any necessary land or right of way for primary road purposes and all damages incurred shall be paid by the county, and, consequently, the resolution authorizing this suit is special legislation and violative of section 59, subsection 29, of the Kentucky Constitution. In order to eliminate a curve at the point in question and to afford a wider base for the proposed fill, the Department of Highways acquired by purchase or gift a strip of land adjoining its right of way on the north. It does not appear that the county had any part in this transaction. KRS 177.-060 reads in part: "(3) When a highway has been lo-

cated by the department and a right of way procured by the county and accepted by the department, any additional right of way required by the department as a result of a change in the highway may be acquired by the department and shall be paid for by the state unless it is a road owned by the county.''

KRS 177.070 provides that ''the department may agree with any landowner as to the value of a right of way and if the agreement is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and the agreement shall be entered upon the county court's records.'' When condemnation proceedings are resorted to by the Department of Highways, suit must be brought by the county attorney. KRS 177.080. Thus it is contemplated by the statutes governing the acquirement of rights of way for state highways that the county shall have a voice in the agreement or proceedings whereby such rights of way are acquired where it is required to pay the cost and damages. Here the Department of Highways owned a right of way on which it had maintained a highway for many years and it had a right to and did acquire additional right of way required as a result of a change in the highway. Under the circumstances, the county was not liable for the cost of the additional right of way nor for consequential damages resulting from the reconstruction of the road. Bader v. Jefferson County, 274 Ky. 486, 119 S. W. 2d 870. Consequently, appellants' first contention falls.

It is next insisted that no grade had been established by ordinance or other means for the highway at the point complained of, and therefore appellees are not entitled to recover for the changing of the grade in front of their property when no land was taken from them. Floyd County v. Malone, 243 Ky. 683, 49 S. W. 2d 553, is relied upon. There a state highway was constructed through a sixth-class city, and the grade of the street in front of the plaintiff's property was raised. The city had never established the original grade for the street, and it was held there was no liability since the state succeeded to all the rights of the city relative to the establishment of the grade of the road and the city would not have been liable to owners of lots for consequential damages because of the establishment of the original grade of the street on which the lots abutted.

Whether the rule that a lot owner is not entitled to recover from a city for consequential damages to a lot adjacent to a street because of the establishment of the original grade of the street applies in a case of owners of land adjacent to a highway outside a city need not be determined for two reasons: (1) Admittedly appellees have suffered damage by reason of the construction of the fill in front of and adjacent to their property, and the General Assembly has recognized the liability of the Commonwealth for the injury actually sustained; (2) even if it be conceded that appellants' argument in this respect is sound, it is unavailing since no such defense was made in the lower court. Whether the construction of the fill constituted an original establishment of the grade of the road was a matter of defense, and, appellants having failed to assert such defense, it cannot now be considered. Board of Councilmen of the City of Franfort v. Brammell, 220 Ky. 132, 294 S. W. 1076; City of Henderson v. McClain, 102 Ky. 402, 43 S. W. 700, 39 L. R. A. 349. The diminution of the market value of appellees' property is considerable. Access from the west is impossible and from the east has been rendered more difficult. In order to prevent dirt and rocks from rolling onto their property from the fill and to divert the surface water, they were compelled to construct a retaining wall at considerable expense. The uncontradicted evidence shows that the depreciation in the market value of the property is $1,500 to $2,000.

There was a taking or injuring of appellees' property within the meaning of sections 13 and 242 of the Constitution, and the owners are entitled to compensation. Cranley v. Boyd County, 266 Ky. 569, 99 S. W. 2d 737; Barass v. Ohio County, 240 Ky. 149, 41 S. W. 2d 928; 1 Lewis on Eminent Domain, 3d Ed., secs. 65 and 348. Cf. Kentucky Bell Corporation v. Commonwealth, 295 Ky. 21, 172 S. W. 2d 661; Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S. W. 2d 4; Kentucky State Park Commission v. Wilder (Second Appeal), 260 Ky. 190, 84 S. W. 2d 38.

The judgment is affirmed.