## Pursifull et ux. v. City of Pineville et al.

Oct. 27, 1944.

454·

E. B. Wilson and Hiram H. Owens for appellants.

Logan E. Patterson for appellee City of Pineville.

Hubert Meredith, Attorney General, for appellee the Commonwealth.

Davis & Edwards, for appellee J. M. Cain & Co.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was originally instituted by appellants against the State Highway Commission, Bell County, the City of Pineville, and J. M. Cain and Company; but subsequently, by agreement, it was dismissed as to Bell County and the State Highway Commission, and the Commonwealth of Kentucky made a party. The object of the action was to recover damages alleged to have been sustained by the appellants as the result of the construction of U. S. Highway 25 E through the City of Pineville and in front of and abutting upon appellants' property consisting of a lot improved by an old concrete block building. The building was destroyed, and in addition it was alleged that the value of the lot was greatly depreciated by the elevation of the Highway to a height of approximately 5½ feet above its previous grade. The exact terms of the agreement between the City and the Highway Commission under which the road was constructed are not disclosed, but it is shown that the Highway was built on the site of the old roadway or street and that no additional land was required or

taken. It was stipulated that the appellee, J. M. Cain and Company "held the contract with the Department of Highways for the construction of said road, and did the work of building the grade for said Highway at the point complained of in the petition." It appears from the testimony that the plans and specifications called for the building of a retaining wall 5½ feet in height in front of appellants' and other abutting property, and that the engineer of the Highway Department had been authorized to fill in the low lying and abutting lots with earth in lieu of constructing the retaining wall if the owners of such lots so desired. Appellants' lot, except the portion thereof in front of the concrete block building, was several feet below the level of the original road, and they promptly signified their preference that their lot be filled. Thereupon, the following writing was prepared by the County Attorney, signed by the appellant, J. M. Pursifull, and witnessed by the engineer in charge:

"I, John M. Pursifull, the undersigned owner of land fronting on Tennessee Avenue, in Pineville, Bell County, Kentucky, do hereby grant permission to the J. M. Cain and Company, of Huntington, West Virginia, a road construction company, to go upon said premises under supervision of the Department of Highways of the Commonwealth of Kentucky for the purpose of placing such dirt as may be necessary to fill in said land in keeping with the grade of the proposed new highway 25E, and further in keeping with the plans and specifications of the Department of Highways on said project.

"This permission in no wise is to relieve the Commonwealth of Kentucky, its Department of Highways, the City of Pineville or the J. M. Cain and Company, of Huntington, West Virginia, of any liability from damages which might accrue arising out of this work or any contractor or person doing said work representing any of these governmental units or this private concern. Further, the undersigned property owner does not waive any legal rights of any kind or character by granting the permission herein described."

After the work of constructing the roadbed had been completed, during the course of which the lot had been partially filled, the building collapsed, and at the trial of the ensuing law suit, evidence was introduced on behalf of the appellants to the effect that the build

ing, which had been recently repaired and placed in good condition, had been struck by the heavy "bulldozer" used by the Appellee, J. M. Cain and Company, in excavating and lifting the dirt onto the lot. Other causes of the collapse, according to appellants' contentions, were the improper placing of the dirt with relation to the house, and the fact that large rocks and other debris were also placed upon the lot. Appellees' proof showed, however, that J. M. Pursifull was present and directed where the earth was to be placed; that he employed a crew of men to shovel a portion of it through a window into the basement from a pile placed at his direction near one side of the house; that the walls of the house and its basement, which had been constructed over a drain, were cracked; that the concrete and cinder blocks of which the building was constructed had deteriorated to the point where, in order to prevent the building from falling, Pursifull had placed props inside the basement to support the front wall; that the building had not been struck by the "bulldozer;" and that they had done nothing whatsoever to injure the building or bring about its collapse. Aside from the evidence to the effect that the contractor's negligence had caused the building to collapse, appellants introduced proof to establish their contention that the value of the lot with the building removed had been diminished by the elevation of the roadway above its previous level. Appellees, on the other hand, introduced proof to the effect that the major portion of the lot had always been several feet below the original level of the roadway and below the high water mark of the nearby river; that it was occasionally flooded, and that the raising of the Highway had substantially increased the value of the lot instead of diminishing it. The Court gave the jury all instructions offered by appellants, and in addition, Instructions X and B, the latter, an instruction on contributory negligence applicable alone to that portion of appellants' claim which related to the destruction of the house. The jury returned a verdict for the appellees, and on this appeal, a reversal is urged on the grounds that the verdict is flagrantly against the weight of the evidence; that all of the instructions were erroneous, notwithstanding the fact that all of them, with the exception of X and B, were prepared and offered by appellants; that appellants were entitled to a peremptory instruction against the City and the State, though none was moved

for; and that there was no evidence justifying an instruction on contributory negligence.

As an aid to forming a clear concept of the theories on which the liabilities of the respective appellees were predicated, and the principles of law applicable thereto, we shall summarize, and where necessary, quote from the principal instructions as follows:

The first instruction told the jury to find against the Commonwealth and the City the damages, if any, not exceeding $800 caused by the raising of the grade, without considering any injury or damage which may have resulted "from the acts of the defendant, J. M. Cain and Company, in the construction of said Highway by reason of the method of doing the work, or damages resulting from said Company's entering upon and damaging (if it did enter upon and damage) the plaintiffs' land or improvements not embraced in the plans and specifications of the Department of Highways for the construction of said highway." The second instruction directed the jury to find against J. M. Cain and Company damages not exceeding $4000 to be determined by the difference between the market value of the land and improvements immediately before and after, excluding therefrom the amounts, if any, found under instruction No. 1 if they believed from the evidence "that the defendant, J. M. Cain & Company while constructing the highway mentioned in the evidence, entered upon the property of the plaintiff described in the evidence outside of the right of way for said highway according to the plans and specifications of the Department of Highways, and negligently damaged or injured the land and improvements of the plaintiffs; or either said land and improvements of the plaintiffs; or either said land or improvements located on said land; or that said defendant, J. M. Cain & Co., while working within the bounds of the right of way shown on the aforesaid plans and specifications, negligently injured or damaged lands or improvements of the plaintiffs located thereon."

Instruction B which was given on motion of the appellees and excepted to, and Instruction X, which was given by the Court on its own motion and not excepted to, are as follows:

Instruction B. "Although the jury may believe from the evidence as set out in instruction No. 2 hereof, yet

if you further believe from the evidence that at the times and on the occasions complained of the plaintiffs were negligent, and by reason of their negligence, if any, helped to cause or bring about the injury and damages of which they complain, and that but for their said negligence, if any, none of the alleged injuries and damages would have been received by them, then the law is for the defendant, J. M. Cain & Company, and you should so find.''

Instruction X. ''If the jury shall believe from the evidence that J. M. Cain & Co. placed the dirt on said Pursifull's lot at his direction or that of his agents, you will find for J. M. Cain & Co. for any injury and damage done to said property by reason of so placing said dirt.''

It was shown that the roadway had been improved at the cost of the abutting property owners many years previously, thus establishing the grade; from which it follows that under Sections 13 and 242 of the Constitution, the Commonwealth was liable, even though it actually took none of appellants' property, if the conditions resulting from the elevation of the roadbed damaged appellees and were similar to those described in the case of Commonwealth v. Tate, 297 Ky. 826, 181 S. W. 2d 418. Whether the City was relieved from liability because, unlike the City of Ashland in the Case of City of Ashland v. Queen et al., 254 Ky. 329, 71 S. W. 2d 650, it did not direct or participate in the cost of the improvement, it is unnecessary to decide, since the City's liability for resulting damages was assumed in the instructions given, and there was sufficient evidence that the elevation of the roadway had not decreased the value of the lot to support the denial of damages for the change of grade.

As will have been noted, the instruction relating to the injury claimed to have been negligently inflicted through the destruction of appellants' house, permitted a recovery only against the contractor, thereby impliedly exonerating the City and the Commonwealth from liability on that account. When it is remembered that the instruction was offered by appellants, it becomes evident that appellants' counsel did not at that time conceive that the Commonwealth was liable for any negligent act committed by the contractor on appellants''

property. We are of the opinion that counsel was correct in his then view of the law. All other questions aside, having consented, in fact requested, that their lot be filled as an alternative to having a retaining wall built between it and the roadbed, appellants could not, by reciting in the writing that the Commonwealth was not thereby released from liability for damages inflicted by the negligence of the contractor create such liability. To hold otherwise would be equivalent to holding that any public official could contract away the immunities of the State.

This brings us to a discussion of the propriety of the Court's action in giving Instruction B, the only instruction of which the appellants are at liberty to complain, since, as before stated, their counsel offered all the others given, with the exception of Instruction X which was not excepted to. In view of Instruction X, it is obvious that the contractor could have been liable only in the event the "bulldozer" struck the building, or in the event the earth was negligently, and not at appellants' direction, so placed with reference to the building as to unduly press against it. But, as before stated, there was evidence that the appellant, J. M. Pursifull, directed where the dirt was to be placed, and if he directed that it be so placed as to endanger the building, it could hardly be said that he was not contributorily negligent. Conceding that appellants had no control over the movements of the "bulldozer," we are not prepared to say that where one requests or consents to the filling of his lot, he is under no obligation to exercise ordinary care to protect the building thereon from collapse through earth pressure especially where he is on the ground with a crew of men engaged in shoveling a portion of the dirt, apparently an insufficient portion, into the basement for the purpose of making it resistant to such pressure. Pursifull claims that the contractor refused to furnish him enough dirt for that purpose, but there is nothing to show that there was not sufficient dirt nearby available for the purpose, or that Pursifull could not have stopped the filling of the lot at any time he deemed it expedient. While the instruction might more properly have been worded so as to prevent its application if the jury believed that the "bulldozer" struck the building, and that such striking was a proximate cause of the collapse, it is inconceivable that a jury could have found that the "bulldozer" did strike

the building, and, notwithstanding such finding, denied appellant a recovery under the second instruction.

Judgment affirmed.