# Department Of Highways Of Kentucky v. Parker.

## Same v. Jackson.

November 21, 1947.

S. M. Ward, Judge.

Eldon S. Dummit, Attorney General, C. P. Kelly, Assistant Attorney General, and Chas. L. Seale, Special Attorney, for appellants.

B. P. Wootton and J. Mott Dixon for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appellees, Elijah Parker and George Jackson, recovered judgments against the Department and Commissioner of Highways of Kentucky for $500 and $1,000,

respectively, for damages to abutting land caused in the reconstruction of a highway.

General and special demurrers and answers had been filed December 2, 1944. There was no further order until October 3, 1946. It recites, "The cases being set for trial" they were consolidated by agreement. On that same day the County Attorney of Perry County, acting "for and on behalf of C. F. Kelly, Assistant Attorney General, attorney for the defendants," moved for a continuance and filed his affidavit in support of the motion. It was in substance that on September 28th the cases had been set for trial on October 3d, he had been informed by Mr. Kelly that day that on October 2d he had received a letter from the attorney for the plaintiffs advising him that the cases had been set for trial; it was impossible for him, Kelly, to appear and impossible to secure the presence of the state engineers and other witnesses and otherwise be ready for trial on such short notice. There was no response. The court overruled the motion and proceeded with the trial. The County Attorney, personally representing the Assistant Attorney General, cross-examined the witnesses for plaintiffs but had none to introduce for the defendants.

The court instructed the jury to find for the plaintiffs upon the ground that the defendants had "negligently and wrongfully" injured their property. He also instructed that nine or more of the jury could make a verdict.

The judgments must be reversed upon at least three grounds:

(1) The cases had slumbered for nearly two years without any action being taken and then no order was ever entered setting them for trial. The Attorney General's department could not be expected to be ready upon receiving private information the day before that the cases would be tried. The denial of the continuance was a gross abuse of judicial discretion.

(2) The petition charged that the damages were "due to the said defendants' gross negligence in constructing, rebuilding and repairing" the highway. However, they further charged that it was an "illegal and

wrongful taking of the land." The suits are essentially against the Commonwealth. Actions of this kind may be maintained under the provisions of Section 13 or Section 242 of the Constitution, which require that compensation be paid for the taking of private property for public use. Neither the State nor its agency is liable for negligence. Kentucky State Park Commission v. Wilder, 260 Ky. 190, 84 S. W. 2d 38; Pursifull v. City of Pineville, 298 Ky. 453, 183 S. W. 2d 32. The statute requires that the County through which the road runs must pay all cost of acquiring the right-of-way for primary road purposes and incidental damages incurred in connection with its construction, with certain exceptions. KRS 177.060; Breathitt County v. Hudson, 265 Ky. 21, 95 S. W. 2d 1132, 1133; Lehman v. Williams, 301 Ky. 729, 193 S. W. 2d 161. Therefore, the demurrers should have been sustained.

(3) An action of this kind is in the nature of a retroactive condemnation of land, and the verdict must be agreed to by the entire jury, that being according to the course of the common law. Commonwealth v. Combs, 244 Ky. 204, 50 S. W. 2d 497; Franklin County v. Bailey, 250 Ky. 528, 63 S. W. 2d 622. The verdicts in these cases were returned by only eleven of the jury, which distinguishes them from Kentucky Game & Fish Commission v. Burnette, 290 Ky. 786, 163 S. W. 2d 50.

Wherefore, the judgments are reversed.