**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Mrs. Sadie DEAREN, Appellee.**

Court of Appeals of Kentucky.

June 18, 1965.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Harold K. Huddleston, Elizabethtown, for appellant.

Robert M. Spragens, Lebanon, for appellee.

PALMORE, Judge.

In connection with the reconstruction of Second Street in the City of Campbellsville the highway department condemned the greater portion of a lot owned by the ap-

pellee, necessitating the destruction or removal of her house. The proceedings in county court took place prior to our opinion in Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963).

The award of the commissioners in county court was itemized as follows:

| | |
|---|---|
| Total value of property taken | $11,680 |
| Damages and benefits to remaining property | |
| Easement and house | 3,270 |
| Total | $14,950 |

The county court entered a judgment for $14,950. The Commonwealth filed its appeal to the circuit court on November 23, 1962. The property owner did not appeal. The trial in circuit court was held on January 22, 1964, in accordance with the principles and procedures set forth in the Sherrod case, supra.

In the course of the trial both sides agreed that the highest and best use of the property was for commercial purposes and that the house added nothing to its value. The highest figure given in evidence for the use of a temporary easement was $250. The jury found that the fair market value of the property before and after the taking were, respectively, $15,000 and $1,000 and that the value of the temporary easement was $100. Their verdict awarded the owner $14,100.

Both before and after the case was submitted to the jury the Commonwealth moved that the allowable recovery be limited to $11,680 (the amount allocated by the county court commissioners to the value of the property taken) plus the temporary easement (which, after the verdict, was $100), on the theory that since the owner did not appeal from the county court judgment and did not show the house to be of any value she was restricted to the amount specifically awarded by the commissioners for the property taken.

The precise question has been decided adversely to the Commonwealth's contention in the recent case of Commonwealth, Dept. of Highways v. Conley, Ky., 386 S.W.2d 750, 752 (rehearing denied March 5, 1965).

The judgment is affirmed.