COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Jesse C. CARTER and Rose D. Carter, His Wife, Metropolitan Life Insurance Company, Mortgagee, National Bank of Hustonville, Mortgagee, W. G. Murphy, Lienholder, Appellees.

Court of Appeals of Kentucky.

Oct. 14, 1966.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellant.

Cabell D. Francis, Stanford, for appellees.

STEWART, Judge.

This is a proceeding wherein the Commonwealth of Kentucky, Department of Highways, in order to reconstruct and relocate a portion of Kentucky Highway 78 in Lincoln County, condemned farm land of Jesse C. Carter and his wife, Rose D. Carter, comprising 1.66 acres for right of way, .32 acre for a permanent easement and .02 acre for a temporary easement. The land acquired included a portion of the right of way of the existing highway which the Carters did not previously own in fee simple. This farm, located approximately three miles east of Hustonville and seven miles west of Stanford, prior to this litigation contained 154.5 acres, 141 acres of which were on the north and 13.5 acres of which were on the south side of the highway before it was reconstructed. The following improvements were located on the land acquired: A gas station or tool implement building on the tract south of the old highway, 85 rods of fence on the west side of the farm north of the old highway, and two shade trees, some steps and a section of concrete walk on the yard in front of the dwelling.

Three witnesses for the Commonwealth estimated the difference in the before and after value of the farm, as a result of the taking, at $1500, $1550 and $1700. Seven witnesses for the landowners fixed this same difference as high as $7000 and as low as $4117. The jury returned a verdict of $5000 in favor of the landowners for "damages and property taken."

The Commonwealth has appealed, contending prejudicial errors were committed because: (a) The majority of the landowners' witnesses (four in number) in their appraisals were allowed, over the Commonwealth's objection, to employ the "price tag" method, namely, value separately the "damage" items in the taking and then subtract the total of these from the estimates they had arrived at before the taking; (b) counsel for the landowners, over the objection of the Commonwealth, was allowed to em-

phasize repeatedly the refusal of Commonwealth's witnesses to isolate and price each of the claimed factors of damage; and (c) the verdict of the jury is contrary to law.

Four evaluation witnesses of the landowners frankly admitted that, in placing an estimate on the property condemned, they had separately computed the various elements involved in the taking and then deducted the total of these from the amounts they had fixed for the value of the land before its acquisition.

In Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, this court pointed out that to permit the attribution of separate prices to the items included in the condemning of a tract of land is an erroneous standard by which to measure damages, because "it results in valuations based on costs of restoration or on vague considerations of the harm that has been done to the particular owner in his particular use of the property."

It was determined in Commonwealth, Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640, that improvements to land should be considered in a condemnation proceeding only to the extent that they enhance its value and that it is proper for witnesses to testify only as to the character and condition of the improvements. In that same opinion it was said on page 643: "In speaking of 'improvements' in this discussion we mean major structures and not such things as shade trees, wells, septic tanks or small outbuildings that are merely incidental to the use of a major structure. Evidence as to the cost of such items is not admissible as bearing on the value of the land taken. * * *"

The proper procedure for estimating the diminished market value of land in a condemnation proceeding was thus stated in Commonwealth, Dept. of Highways v. Mann, Ky., 387 S.W.2d 848: "The correct method is to ascertain the fair market value of what is or will be left after the taking and subtract it from the value of the whole property as it stood prior to the taking."

Counsel for the landowners, in cross-examining the Commonwealth's witnesses, sought persistently to compel each Commonwealth witness, after he had testified to the difference in the market value of the landowners' property before and after the taking, to break down and price each of the various elements he had considered in his appraisal. Although this type of questioning was objected to, this counsel was given leave to subject each Commonwealth witness to a rigorous interrogation because in his estimate he had not isolated and separately valued the claimed items of damage. The foregoing excerpt from the cross-examination of the Commonwealth's witness, B. S. Wigginton, illustrates the tactics employed by the landowners' counsel.

"Q. Isn't the porch a part of the residence?

A. In fact, it is, yes.

Q. And it is a nice concrete porch, isn't it?

A. Yes, sir it is a nice porch, nice house.

Q. And he has got a swing there where his wife and little girl sit and swing?

A. Yes, sir.

Q. And you won't put a price on that?

A. I cannot put a price on that, no sir. I value the property before and after.

MR. WICKER: I would like to object to this line of questioning and I would like to be heard on the objection.

THE COURT: I'll overrule it. If you want to be heard, go on, but that is proper cross examination to see how he figures it.

MR. WICKER: Well, I object on the ground that the Court of Appeals has held at least three times in the past year that appraisal witnesses in condemnation cases cannot put separate prices on vari-

ous items, and I except to the court's ruling.

Q. I think you said you considered the trees and the steps, but you won't tell us how much you considered them?

A. I won't put a value on separate items, or I don't have a value on separate items, I might say.

Q. But you did consider them?

A. Yes, sir.

Q. And you considered the fence?

A. Yes, sir.

Q. And you considered the value of the land taken?

A. Yes, sir.

Q. And that is all you considered?

A. I considered the condition, the land taken * * *.

Q. But you won't put a price on that?

A. No, sir, taking all those things into consideration, plus I also considered the road before and the road after —I took all those things into consideration."

It was stated in Commonwealth, Dept. of Highways v. Cardinal Hill Nursery, Inc., Ky., 380 S.W.2d 249, that a properly qualified appraisal witness, *on direct examination*, after testifying to the before and after market value of the property being condemned, may relate any pertinent factors considered by him in arriving at the values to which he has testified. He may, in a proper case, estimate the amount by which a major structure has enhanced the "before" value of the land, but he may not assign an itemized "price tag" to any "damage" factor. That opinion then made this statement:

"But *on cross-examination* it is appropriate to make inquiry of the witness as to whether he has indeed ascribed particular amounts to ·'damage' factors. This is not to show 'after' market value; it is to test the probative value of the evidence in chief from the witness. Some factors are not compensable; they are classified as damnum absque injuria. Certainly it would be fallacious to foreclose the cross-examiner's right to elicit from the appraisal witness admissions that he has priced such factors in his 'after' market value testimony." (Emphasis added.)

■ While it may have been proper for counsel to inquire of the witness whether prices had been placed on separate items, under the authority of Commonwealth, Dept. of Highways v. Cardinal Hill Nursery, Inc., supra, the continued emphasis on the witness's failure to do so made it appear to the jury that he had something to conceal, that he had really not properly appraised the property, and that the proper measure of damages was the separate pricing of the various items. The trial court should have corrected this situation by admonishing the jury that the witness had used the proper measure of damages and that he did not have to price the items. The failure of the trial court to do this, however, could only have impressed the jury with the thought it was a proper appraisal technique to isolate and separately price the various items.

A third complaint is that the verdict returned under "Instruction (1)" is contrary to law. We shall not discuss this point because the judgment in this case must be reversed and the same alleged error may not recur, if there be another trial. We shall simply say that in the event there is another trial of this proceeding, the instructions to be submitted in a condemnation case of the type before us, as revised and approved in Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302, 306, will be given. The latter opinion was handed down after the trial of this case.

In the light of what we have stated herein, we believe errors prejudicial to the substantial rights of the Commonwealth were committed.

Wherefore, the judgment is reversed and remanded for further proceedings consistent with this opinion.