**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Norman Clifford THOMPSON et al.,
Appellees.**

Court of Appeals of Kentucky.

Feb. 16, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Department of Highways, Frankfort, C. V. Sanders, Shepherdsville, Robert Rieckhoff, Department of Highways, Frankfort, for appellant.

Thomas B. Givhan, Shepherdsville, for appellees.

STEINFELD, Judge.

The Commonwealth condemned 2.23 acres and a temporary easement of the Thompson farm to relocate Kentucky Highway 61 south of Shepherdsville, Kentucky. In county court the appellees were awarded $4,500.00 and both parties appealed. The circuit court jury found that the owners were entitled to $10,020.00. This appeal is from the judgment entered pursuant to that verdict. We reverse.

The Thompsons owned a farm fronting on the west side of Highway 61 and containing approximately 60 acres. The principal improvements were an eight-room house, two barns, two garages, and some smaller buildings. The Commonwealth took an 800 foot unimproved strip dividing the farm so that 7.1 acres (Thompsons say four acres) with all improvements were located east of the new highway and the remaining 51 acres were west of the new highway. The construction of the new road required that it be built upon a fill 20-feet high where it enters on the north, descending on a 2% grade to four feet in height where it leaves on the south.

The tract on the east side does not have access to the new road except by "going out on old Highway 61 and coming around." However, a small temporary easement was taken while the Commonwealth constructed

for the benefit of the owners an entrance from the new road to the west side.

The Commonwealth's witnesses testified that the highest and best use of the land was for farming, while the witnesses for the landowner said that it was for subdivision purposes. Testimony concerning values was as follows:

### FOR THE COMMONWEALTH

| WITNESS | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Fred Whitehead | $36,000 | $31,500 | $ 4,500 |
| William P. Snyder | 34,500 | 30,500 | 4,000 |
| G. H. Swearingen | 36,000 | 31,000 | 5,000 |

### FOR THE THOMPSONS

| Norman Thompson | $56,000 | $36,000 | $20,000 |
|---|---|---|---|
| James "Bud" Hardy | 42,000 | 21,300 | 20,700 |
| Sherrill Simms | 44,800 | 21,500 | 23,300 |
| Morris McDaniel | 44,000 | 21,000 | 23,000 |

The verdict rendered according to Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963) was as follows:

| | BEFORE TAKING | AFTER TAKING | DIFFERENCE | EASEMENT |
|---|---|---|---|---|
| JURY | $35,000 | $25,000 | $10,000 | $20.00 |

---

■ In Com., Dept. of Highways v. J. W. Hester et al., Ky., 421 S.W.2d 840 (1967) we reversed because the verdict of the jury was excessive. The Hester property is contiguous to the Thompson farm. We perceive no factors which will permit us to come to a different conclusion than that reached in Hester. Following the principles announced in Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (decided January 12, 1968) we hold that the verdict was excessive.

Since there will be another trial we deem it appropriate to refer to the contention that evidence of the suitability of the farm for subdivision purposes was inadmissible. This subject was thoroughly discussed in Com., Dept. of Highways Siler, Ky., 411 S.W.2d 937 (1967). Also see Com., Dept. of Highways v. J. W. Hester et al., supra.

■ With respect to the contention that evidence regarding loss of access was improperly admitted we held in Com., Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104 (1962) that the landowner has only the right of reasonable access. We perceive nothing in the record now before us to indicate that reasonable access was not provided. The separation of the farm, for farming purposes or for subdivision purposes may have affected its market value and this is a subject which may be developed by testimony of qualified witnesses. Com., Dept. of Highways v. Sea, Ky., 402 S.W.2d 842 (1966); Com., Dept. of Highways v. Dennis, Ky., 408 S.W.2d 444 (1966); Com., Dept. of Highways v. Muir, Ky., 412 S.W.2d 231 (1967) and Com., Dept. of Highways v. Boone, Ky., 412 S.W.2d 236 (1967).

■ Evidence is admissible that market value will be affected by the height of the fill or any improper drainage. Com., Dept. of Highways v. Barton, Ky., 398 S.W.2d 694 (1966); Commonwealth et al. v. Tate, 297 Ky. 826, 181 S.W.2d 418 (1944). Also see Com., Dept. of Highways v. Robbins, Ky., 421 S.W.2d 820 (1967).

The subject of evidence of comparable sales was discussed in Bennett v. Com., Dept. of Highways, Ky., 417 S.W.2d 143 (1967) when we said:

"It was said in Stewart v. Commonwealth for Use and Benefit of Dept. of Highways, Ky., 337 S.W.2d 880, 884 (1960), and has been reiterated in a number of later opinions, that if properties are reasonably similar 'and a qualified expert states his opinion that they are sufficiently comparable for appraisal purposes, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony altogether.' "

This case and the ones cited therein will serve to guide counsel and the court on the next trial.

The judgment is reversed with directions to grant a new trial.

All concur, except OSBORNE, J.