**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**John V. LARENCE et al., Appellees.**

Court of Appeals of Kentucky.

March 8, 1968.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, C. V. Sanders, Shepherdsville, for appellant.

Thomas B. Givhan, T. C. Carroll, Carroll & Carroll, Shepherdsville, for appellees.

WADDILL, Commissioner.

Appellant condemned a narrow strip along part of the front of appellees 47-acre tract for the purpose of raising the grade of Kentucky Highway #44 in the city of Shepherdsville. The strip taken is 612 feet long and ranges in width from zero to 37 feet. Two other slivers were condemned, one 3 x 30 feet at the eastern boundary line of the 47-acre tract and the other 12 x 23 feet located west of the principal taking. The remaining 415 feet of appellees' frontage was disturbed only by the fact that the

fill raised the new road along appellees' frontage by heights ranging from 5.9 feet to 7.7 feet and created a 12% grade at the access points provided by the state. During the construction period 3 small temporary easements were taken. The total area condemned amounted to .21 of an acre.

The county court awarded appellees $1,550.00 and on appeal to the circuit court they obtained a judgment of $15,100.00.

On appeal to this court the Commonwealth contends that: (1) Incompetent and prejudicial testimony was heard by the jury; (2) erroneous instructions were given to the jury and (3) the verdict is excessive and is not supported by evidence having probative value.

A summary of the valuation testimony given at the trial is as follows:

## FOR APPELLANT

| Witness | Before | After | Difference | Temporary Easements |
|---|---|---|---|---|
| Fred Whitehead | $55,000 | $53,500 | $1,500 | |
| G. H. Swearingen | 55,000 | 53,000 | 2,000 | |
| William P. Snyder | 60,000 | 58,750 | 1,250 | $25 |

## FOR APPELLEES

| | | | | |
|---|---|---|---|---|
| J. V. Larence | $160,000 | $120,000 | $40,000 | |
| James Hardy | 132,000 | 100,000 | 32,000 | |
| Gearld Simms | 128,000 | 70,000 | 58,000 | |
| Maurice H. McDaniel | 132,000 | 108,000 | 24,000 | |

The testimony of the above named witnesses established that most of appellees' land was located within the city limits of Shepherdsville and that the frontage on Highway #44 is zoned "Commercial," the portion near the L. & N. Railroad is zoned "Industrial" and the balance is being used for agricultural purposes. It was shown that the land zoned "Commercial" is improved with a concrete block building and that it is being used as an auto repair garage. Farther back on this land are a four-room residence, a soft drink stand, a beauty shop, a playhouse and several other small frame and concrete block buildings used in connection with farming operations.

The verdict found the "before value" to be $85,000.00, the "after value" to be $70,000.00, a difference of $15,000.00. The sum of $100.00 was awarded for temporary easements.

The only other witnesses were Roy Hardy, a civil engineer, who testified concerning the plans of construction and their physical effect upon appellees' land, including drainage, and William Gutermuth, a civil engineer and contractor, who testified in appellees' behalf about the access from appellees' land being situated on a 12% grade and, also, concerning the quantity of dirt it would take to raise the level of appellees' land and buildings to the grade of the new road.

Appellant contends that the trial court erred in permitting Gutermuth, over objections, to testify concerning the amount of dirt required to level appellees' land with the grade of the new road. It is argued that this testimony was based on a conjectural plan, it pertained to a non-compensable factor and it amounted to the price tagging of that factor in units of yards of dirt, readily translatable in dol-

lars. Reliance is had upon Commonwealth, Department of Highways v. Carter, Ky., 407 S.W.2d 143; Commonwealth, Department of Highways v. Whitledge, Ky., 406 S.W.2d 833 and Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844. In the latter case it was pointed out that to permit the attribution of separate prices to the items included in the condemning of a tract of land is to use an erroneous standard by which to measure damages because "it results in valuations based on costs of restoration or on vague considerations of the harm that has been done to the particular owner in his particular use of the property."

On the other side of the case, appellees urge that Gutermuth's testimony, when considered in its entirety, was competent because it tended to establish that appellees have lost reasonable access to their property due to the 12% grade and that such loss is a compensable factor which the jury should properly consider. Appellees argue that they were entitled to show that access provided on a 12% grade was not reasonable access for their commercial location.

■ Testimony relating to the changing of the grade of the highway was competent to the extent that it was expository of the highway department's plans. It was also competent to show the general situation of appellees' property after the taking as it was an important factor in determining the market value of the property. However, Gutermuth's testimony about the "possibility" of dumping 6,900 yards of borrow on the property to fill back from the road to the buildings was incompetent. Also his testimony that to fill in this property to the road grade would require 5,790 cubic yards of borrow, and his statement concerning damage that would occur to the existing buildings unless the walls of the structures were raised to the level of the contemplated fill, were each and all highly speculative.

■ All property has both advantages and disadvantages that contribute to or detract from its value. It is virtually impossible to make detailed calculations as to what measures and what expenditures are necessary to restore property to its former use or adapt it to its highest and best use without entering the realm of conjecture. Real estate has market value on an "as is" basis, and the soundest course is to adhere to simple before and after values on that basis. Under ordinary circumstances the expert valuation witnesses for either side may point out in a general way those things which in their opinion must or can be done in order to adapt or restore the property to its highest and best use and which, presumably, a prospective buyer of the property in its present condition (after the taking) would take into consideration in arriving at the price he would be willing to pay for it, but not in terms of cost figures or other similar details. We think the number of yards necessary to construct a fill falls in the latter category and is inadmissible.

■ The area taken was .004 of the area of the entire 47 acres. For about ¼ of an acre of appellees' land plus some diminution in the value of the remainder, the jury awarded the appellees $15,000.00. In light of this verdict we are unwilling to hold that the incompetent testimony did not have some impact on the jury. We observe that even though the learned trial judge permitted the jury to consider Gutermuth's testimony, he cautioned that portions of it were speculative.

■ It is our further opinion that the testimony of appellees' witnesses Larence Hardy, Sims and McDaniel concerning the drainage of appellees' land being adversely affected by the execution of the highway department's plans and about what might happen was incompetent in the absence of showing some special qualification on this subject. Carter v. Griffith, 179 Ky. 164, 200 S.W. 369.

Since there may be a retrial of the case we will comment on the other alleged errors. While there were no objections preserved to the instructions, we have examined them and find that they adequately cover the law of this case. As concerns the amount awarded for the temporary easement, appellant correctly stated that the evidence does not support the amount allowed. With respect to the questions of whether the verdict is excessive and whether it is not supported by evidence of probative value, we specifically reserve these questions since the evidence may be different upon a retrial.

The judgment is reversed with directions to set it aside and to grant appellant a new trial.

All concur.