COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Paul BOYER et al., Appellees.

Court of Appeals of Kentucky.

Nov. 29, 1968.

John B. Breckinridge, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, George F. Williamson, Clark, Manby & Williamson, LaGrange, Robert A. Becht, Louisville) Don Duff, Acting Gen. Counsel, Dept. of Highways, Frankfort, for appellant.

John M. Berry, Berry & Floyd, New Castle, for appellees.

STEINFELD, Judge.

This is a highway condemnation case in which the Commonwealth appeals a judgment of the Henry Circuit Court. Trial was had after a proceeding in the county court pursuant to KRS 177.081 through 177.089.

The Commonwealth condemned 32.42 acres as right-of-way for I–71 cutting a swath through the 138 acre farm of Paul and Helen Boyer, appellees, located in Henry County. The taking severed 24.44 acres from the main tract. Substantially all improvements are on the larger portion. Commissioners appointed by the county court awarded the appellees $13,628.80 for the property taken and the circuit court action resulted in a verdict of $16,000.00.

The Commonwealth sets forth two grounds for reversal:

"I  The trial court erred in overruling appellant's motion to strike estimates of value of appellees' witnesses which were based upon irrelevant measure of value in that a separate fixing of damages for fencing was made by each of appellees' witnesses.

II  The verdict is palpably excessive and it is not supported by evidence of probative value."

In view of our disposition of the case it will be necessary to address ourselves to the first argument only.

The Commonwealth agreed to fence both sides of the right-of-way for I–71 and to construct a service or "frontage" road for

access to the severed 24.44 acre tract. The appellees maintain that in order to utilize this 24.44 acres it will be necessary for them to construct a fence along the east boundary of the tract, separating that portion of their farm from the service road. The fence would be about 200 rods in length and serve to keep stock from wandering upon the service road.

Appellant's witnesses testified as to before and after value only, while the appellee, Paul Boyer, and his three witnesses each testified as to before and after value, and then as to the additional factor of fencing cost. Representative of the latter testimony is that of Mr. Raymond Barnett:

"Q. What is the difference between the value you assigned before the taking on June the 6th, 1966, and the value you assigned after the taking on the 105 acres, after June the 6th, 1966?

A. The difference in those values amounts to $17,115.00, not counting the extra fence.

Q. Did you learn that as a result of the taking of this right-of-way any other damage will result to Mr. Boyer?

A. He will have to build approximately 200 rods of fence.

\* \* \* \* \* \*

Q. And did you assign any value or cost to that item of fencing that he will be required to have?

A. I valued the cost of the fence at approximately $1,000.00."

▪ Counsel for the condemnor promptly objected to the testimony of "separate amounts" used by the witnesses in arriving at values, specifically the expense of the fencing. At the conclusion of the direct examination of each witness he renewed his objection "and move(d) the court to admonish the Jury not to consider the evidence, \* \* \* and to instruct the witness

to discount the improper factors he used in arriving at the" values. "This is the proper procedure." See Com., Dept. of Highways v. Noe, Ky., 426 S.W.2d 459 (1968), and cases cited therein. Each motion was erroneously overruled as we shall show.

Appellees rely upon Greenup County v. Redmond, Ky., 335 S.W.2d 335 (1960), to refute the Commonwealth's contention that testimony as to the costs of fencing is inadmissible. We answered that argument in Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963), when we said:

"Under the rule promulgated in this opinion, that only before and after values are to be considered, there is no place for a separate allowance for fencing. Certainly the landowner is not entitled to fencing costs on top of an allowance for the total diminution of value of his property. \* \* \* We hereby abolish the old fencing rule and we hold that the provisions of KRS 416.110 for separate fixing of damages for fencing, trees and shrubbery are inoperative, for the same reason as stated above why statutory provisions requiring the separate fixing of *taking* and *resulting* damages are inoperative."

Since Sherrod we have consistently ruled against the separate *pricing* of various items of damage claimed. Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963); Com., Dept. of Highways v. Cardinal Hill Nursery, Inc., Ky., 380 S.W.2d 249 (1964); Com., Dept. of Highways v. Hopson, Ky., 396 S.W.2d 805 (1965); Com., Dept. of Highways v. Conley, Ky., 386 S.W.2d 750 (1965); Com., Dept. of Highways v. Cottrell, Ky., 400 S.W.2d 228 (1966); Com., Dept. of Highways v. Larence, Ky., 426 S.W.2d 776 (1966); and Snyder v. Com., Dept. of·Highways, Ky., 423 S.W.2d 890 (1968).

Constant reiteration by this court of the proper procedure to be followed in ascertaining the before and after value of property involved is not desirable, but in order to emphasize the distinctions involved in

this quest, we repeat our previous statement from Tyree, supra.

"A further conclusion is that in the trial of condemnation cases it should be kept in mind at all times that the various elements and factors of damage that may be involved are not *items of damage* to be priced and totalled for the purpose of reaching a verdict, but are only *reasons to be given* in support of opinion testimony of before and after values—the tract of land would bring a stated price before the taking because of certain features it possessed, and would bring a stated (lower) price after the taking because of certain conditions resulting from the taking."

In Com., Dept. of Highways v. Larence, supra, we said:

"All property has both advantages and disadvantages that contribute to or detract from its value. It is virtually impossible to make detailed calculations as to what measures and what expenditures are necessary to restore property to its former use or adapt it to its highest and best use without entering the realm of conjecture. Real estate has market value on an 'as is' basis, and the soundest course is to adhere to simple before and after values on that basis. Under ordinary circumstances the expert valuation witnesses for either side may point out in a general way those things which in their opinion must or can be done in order to adapt or restore the property to its highest and best use and which, presumably, a prospective buyer of the property in its present condition (after the taking) would take into consideration in arriving at the price he would be willing to pay for it, but not in terms of cost figures or other similar details."

We have quoted the above rules to make it crystal clear that while "supporting facts" are admissible, Tyree, supra, *dollar figures* must not be placed on individual damage factors. It is overall values

which are to be presented, although it is proper, however, on cross-examination, to delve into factors used by the witness to ascertain whether he has reached the values in a manner which we have approved. Com., Dept. of Highways v. Napier, Ky., 387 S.W.2d 861 (1965).

 The fact that the commissioners of the county court in their report fell into the error of listing a separate amount for the fencing item in no way affects the owners' rights upon their appeal. Com., Dept. of Highways v. Conley, Ky., 386 S. W.2d 750 (1965); Com., Dept. of Highways v. Dearen, Ky., 392 S.W.2d 49 (1965).

The judgment is reversed for proceedings consistent herewith.

All concur.