**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**John V. LARENCE et al., Appellees.**

Court of Appeals of Kentucky.

March 5, 1971.

John B. Breckinridge, Atty. Gen., Don Duff, Dept. of Highways, Frankfort, Jerry Roger Grigsby, Elizabethtown, for appellant.

Thomas B. Givhan, Givhan & Porter, Shepherdsville, for appellees.

PALMORE, Judge.

This is the second appeal of a condemnation case in which the state highway department took a small sliver of the landowners' property incident to raising the level of Kentucky Highway No. 44 in the east portion of the City of Shepherdsville near the I–65 interchange. For the facts, see Commonwealth, Dept. of Highways v. Larence, Ky., 426 S.W.2d 776 (1968).

In the first trial the jury awarded $15,-100 and the judgment was reversed by reason of error in admitting incompetent evidence respecting measures and expenditures that would be required in order to restore the landowners' remaining property to its highest and best use. Whether the basic amount of the award was excessive was not decided.

In the second trial, from which this appeal arises, the jury awarded $15,275, and the issue of excessiveness is squarely presented.

The property is inside the city limits of Shepherdsville on the main access road to I–65, which is within sight. It is zoned for commercial use. Much of the frontage was of dubious value for that purpose because it lay well below the existing level of Highway 44 before the improvement and was subject to flooding. However, at each end it was about level with and had easy access to the highway, whereas now there is a 12% grade at one of these entrance areas and 10% at the other. Unquestion-

ably, this elevation of the highway above the land at these places where it formerly ran at grade level is the major source of diminution in the value of the property.

The landowners' principal valuation witness testified that in his opinion the property was worth $132,000 before and $100,000 after the taking, and he attributed this reduction in value largely to the fact that the creation of the sharp grade made it less desirable for commercial purposes. The verdict found before and after values of $110,000 and $95,000, respectively, and awarded $275 for temporary easements.

At one location near the west end of the property the landowners have a commercial garage, and behind it a storage building, both constructed of concrete block. It would have been well for the valuation witnesses to give some idea of what this particular segment of the property was worth, because obviously it was the portion most affected. As it is, the involvement of these manifestly valuable improvements lends credence to the substantiality of damage and forbids our acceding to the argument that the award is excessive at first blush.

On the other hand, a real head-scratching question is raised by the state's contention that the change in grade of the highway results in nothing more than a *restriction of access,* which is noncompensable if the landowners still have reasonable access to the highway system. Cf. Commonwealth, Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104 (1962); Commonwealth, Dept. of Highways v. Claypool, Ky., 405 S.W.2d 674, 675–676 (1966). If the state may without liability convert an existing road to a limited or non-access highway and relegate the landowner to the back roads, how can it be made to pay for requiring him merely to ascend a 12% grade in order to get on the pavement? It is a good question, and perhaps the answer is that it ought not to be able to do either one without compensating the abutting owner for the resulting damage to his land. Nevertheless, we must leave the anomaly to another day and another case, because the law of this case was clearly established by our opinion in the first appeal as follows:

"Testimony relating to the changing of the grade of the highway was competent to the extent that it was expository of the highway department's plans. It was also competent to show the general situation of appellees' property after the taking as it was an important factor in determining the market value of the property."

See, for comparison, Commonwealth, Dept. of Highways v. Frasier, Ky., 436 S. W.2d 261 (1969); Commonwealth, Dept. of Highways v. Thompson, Ky., 424 S.W. 2d 382, 383 (1968).

The state's argument that the trial court should have found the access reasonable as a matter of law, cf. Commonwealth, Dept. of Highways v. Adkins, Ky., 396 S.W.2d 768, 770 (1965), which presumably would have prevented the witnesses from considering the change in grade as a value-affecting factor, really is but another thrust along the same salient. Whether or not change of grade should be recognized and treated as a problem of access rights, the unhappy fact is that heretofore it has not been, and we are precluded from reviewing the subject in this case.

The judgment is affirmed.

All concur.