COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Douglas P. ROBERTS and Vertrice Roberts,
wife, et al., Appellees.

Court of Appeals of Kentucky.

June 15, 1973.

Carl T. Miller, Gen. Counsel, Dept. of Highways, Frankfort, R. Clayton Smoot, Ashland, Phillip K. Wicker, Somerset, Lewis D. Jones, Flemingsburg, for appellant.

Stanley R. Hogg, Creech, Hogg & Johnson, Ashland, for appellees.

PALMORE, Chief Justice.

This is a "partial taking" condemnation case in which a strip of land fronting on an existing public highway was taken for purposes of reconstruction and widening. One of the effects of the project was an increase in the grade level of the highway above the remaining property of the landowners, some of which had been on the same level with the road before the taking but is now several feet below it. This circumstance was a substantial factor in the estimates of value placed upon the remainder property by expert witnesses for the landowners. The highway department contends it was a noncompensable factor and that the witnesses should have been required to exclude it and to recast their testimony accordingly.

The question is the same one that was recognized but found unnecessary to decide in Com., Dept. of Highways v. Larence, Ky., 464 S.W.2d 243 (1971). If loss of access is compensable only when the land is left without reasonable access to the highway system, cf. Com., Dept. of Highways v. Carlisle, Ky., 363 S.W.2d ·104, 107 (1902), how can a mere change in grade level that does not deprive the property of reasonable access be a compensable element? As conceded in *Larence*, it is a good question, but in Commonwealth v. Tate, 297 Ky. 826, 181 S.W.2d 418, 420 (1944), it was categorically decided that damage to the value of abutting land occasioned by a change of grade constitutes a taking of property within the meaning of §§ 13 and 242 of the Constitution, and we are not persuaded to depart from that principle.

The testimony in question having been competent, it is our opinion that the award was not so excessive as to justify a new trial.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.