**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**James F. GILLES and Clara Marie
Gilles, wife, Appellees.**

Court of Appeals of Kentucky.

Nov. 22, 1974.

James D. Robinson, Acting Gen. Counsel, Dept. of Highways, Frankfort, Perry M. Lewis, Dept. of Highways, Madisonville, for appellant.

William L. Wiesman, Owensboro, for appellees.

STEINFELD, Justice.

James Gilles and his wife Carla, the appellees, brought suit for damages in the Daviess Circuit Court against Jim Smith Contracting Company and the appellant Commonwealth. They alleged that because of the negligence of the construction company and the Commonwealth their land was flooded, thereby destroying some of their 1969 corn and tobacco crops. It was claimed that during construction a drainage pipe, not provided for in the plans, was installed, but it was decided that this pipe was too short and would not properly divert the surface water. The Commonwealth ordered the plans modified to provide for corrective measures. While the changes were being made the damage oc-

curred. The Commonwealth had condemned a portion of the Gilleses' land in order to build a highway, and compensation had been paid. The jury awarded damages of $6,000, and assessed $3,000 against Jim Smith Contracting Company and $3,000 against the Commonwealth. Only the Commonwealth appeals. We reverse.

 The Commonwealth argues that the Daviess Circuit Court had no jurisdiction as there was no "taking" and only temporary damages resulted; and that jurisdiction was vested exclusively in the Board of Claims. KRS 44.070. The complaint, seeking "reverse condemnation," alleged that the destruction of the crops constituted a taking of property for which just compensation must be made. See section 13 of the Kentucky Constitution. We said in Commonwealth, Department of Highways v. Davidson, Ky., 383 S.W.2d 346 (1964), that " * * * The 'reverse condemnation" principle rests on the premise of the taking, destroying or injuring of property by the sovereign without any color of right or title to do so." The allegations that there had been a "taking", albeit temporary, and that the damages were a direct result of the planned construction in progress on the property originally condemned charged a "reverse condemnation", thereby giving the circuit court jurisdiction over the claim against the Commonwealth. See Commonwealth, Department of Highways v. Robbins, Ky., 421 S.W.2d 820 (1967).

The Commonwealth also argues that the trial court erred when it instructed the jury that " * * * Nine or more jurors may return a verdict * * *." Damages in condemnation proceedings must be assessed by a unanimous verdict of twelve jurors, and an instruction which authorized recovery if nine or more agreed was held erroneous in Franklin County v. Bailey, 250 Ky. 528, 63 S.W.2d 622 (1933). The same rule was applied in a reverse condemnation suit. Commonwealth, Depart-

ment of Highways v. Parker, 306 Ky. 14, 206 S.W.2d 73 (1947). In the instant case, nine members of the jury returned the verdict. The Gilleses assert that because the Commonwealth failed to tender an instruction directing a unanimous verdict, it cannot now be heard to complain. It is apparent from the record that the Commonwealth properly objected to the court's instruction. CR 51.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.