**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Roxie SLUSHER et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Paul E. Hunley, Frankfort, for appellant.

James C. Helton, Pineville, for appellees.

STEWART, Judge.

This is an appeal from a judgment in a condemnation proceeding, awarding appellees, the heirs of John Slusher, deceased, $1000 for the land taken and $2500 for damages to the remainder of the property.

Appellant, Commonwealth of Kentucky, Department of Highways, condemned a 195-foot-wide strip of land belonging to appellees for relocation of Highway 119 in Bell County. A strip also was condemned for use as an approach from old Highway 119 to the new one. A total of 19.08 acres was taken from appellees' holding of 140 acres of mountain woodland located on the north side of the old highway. The two strips so condemned lie in such a manner that appellees' land was severed into three tracts.

Two houses and some outbuildings were situated on the 140-acre tract. A small portion of the land had been used for gardens; the rest is in timber. There is a spring on the land, which supplies the houses thereon; there is conflicting evidence as to whether this spring will be damaged.

Appellees also own a 60-acre tract located south of old Highway 119, which is bottom land. There are two houses on it. This land is in no wise affected by this proceeding, except that the existing road bordering the north side of it will be discontinued. Of all this total of 200 acres owned by appellees, only the 60 acres south of the old highway and only one house on it are listed for taxes, at an assessed valuation of $500.

Appellant first argues it was reversible error to permit appellees' witnesses to testify, over appellant's objection, concerning damages to a noncontiguous tract of land (the 60 acres lying below the existing highway), based on the diversion of traffic from the old to the new road.

The jury awarded $2500 for damages to the remainder, while the Commonwealth's witness testified the remainder was merely damaged in the nominal sum of $100. There is no evidence the 60-acre tract was used as a unit with the 140-acre tract, of which latter tract the 19.08 acres was condemned for the purposes above mentioned. However, the court allowed testimony over appellant's objection concerning estimates of damages to the remainder of the property based upon damage to the 60-acre tract due to the prospective loss of traffic on the old road.

This Court has never dealt directly with the question of noncontiguity of certain land as it affects an award for damages to the remainder of the property in eminent domain cases. The question, however, is exhaustively treated in 6 A.L.R.2d 1197, and at page 1222 the rule is stated with reference to two tracts of land separated by a highway. This statement from Sharp v. United States, 191 U.S. 341, 24 S.Ct. 114, 48 L.Ed. 211, which appears in the annotation, is in point:

"Where there is not only no evidence of unity of use but strong evidence of disunity, the presence of the highway becomes, of course, a deciding factor in preventing physical contiguity. Where one of several farms was taken, and it appeared that each of them had retained its identity by possessing its own house and outbuildings and being separately worked, the fact that the farm which had been taken was separated from the others by a public road was stressed as a factor in concluding that damages could not be assessed for the others as remaining property."

■ Even if it is conceded, arguendo, that damages may be assessed as to the 60-acre tract, despite its noncontiguity, the basis of such damages under the proof, i. e., diversion of traffic, is contrary to our decisions and unquestionably resulted in an excessive award. See Department of Highways v. Jackson, Ky., 302 S.W.2d 373, and DeRossette v. Jefferson County, 288 Ky. 407, 156 S.W.2d 165. In the opinion of the DeRossette case the reason discontinuance of public travel past one's land is disallowed as a claim for damages is expressed in this language: " * * * Benefits which come and go with changing currents of public travel are not matters in which any individual has any vested right against the

judgment of those public officials whose duty it is to build and maintain these highways. * * *"

▋ It is next insisted the trial court erred in refusing to admit testimony of a comparable sale offered by appellant's witness, James Workman, one of its appraisers. Workman testified the before-value of the 140 acre tract was $7575. His basis for this estimate was a recent sale of so-called comparable land in the same locality. The trial judge refused to allow him to make a statement as to the sale price. By avowal, he testified the consideration paid was $20 per acre. The court based its ruling on the fact that the comparable property was not affected by a new road in the same manner as the property in issue. Such reasoning is unsound. Comparable sales are competent evidence. In Commonwealth v. Begley, 272 Ky. 289, 114 S.W.2d 127, 128, this Court said:

"* * * It is well settled that evidence of the sales of land of like character, similarly situated and at a point of time not too remote, is admissible for the dual purpose of showing the value of the property taken and also to show the facts upon which the witness bases his opinion regarding the value of the property in controversy. * * *"

See also Stewart v. Commonwealth, Ky., 337 S.W.2d 880, and City of Paducah v. Allen, 111 Ky. 361, 63 S.W. 981.

▋ The next complaint concerns the refusal to strike the testimony of appellees' witness, Cager Lawson, whose testimony was based on prices paid by the Commonwealth in the acquisition of other rights of way on the same project. Such evidence was held to be incompetent in United Fuel Gas Co. v. Mauk, Ky., 272 S.W.2d 810; Kentucky-West Virginia Gas Co. v. Hays, 238 Ky. 189, 37 S.W.2d 17; Louisville & N. R. Co. v. Johnson, 233 Ky. 628, 26 S.W.

2d 535; and Commonwealth by State Highway Commission v. Combs, 229 Ky. 627, 17 S.W.2d 748.

In the recent case of Stewart v. Commonwealth, Ky., 337 S.W.2d 880, this ground for the incompetency of such evidence was given (quoting from Nichols on Eminent Domain, 2d ed., Vol. 5, sec. 21.33, p. 294): "* * * 'The reasoning which forbids consideration of forced sales generally, renders it incompetent for either party to put in evidence the amount paid by the condemnor to the owners of neighboring lands taken at the same time, and as part of the same proceedings, however similar they may be to that in controversy and whether the payment was made as the result of a voluntary settlement, an award, or the verdict of a jury.' "

▋ A final complaint is that the valuation testimony given by witnesses for appellees was uninformative and worthless since none of the witnesses was qualified to give estimates of value or could supply any facts as a basis for his opinion. The transcript of evidence bears out this argument to a great extent. However, we have not adhered to the rule that witnesses must be expert land appraisers in order to state their opinions as to real estate values; nor have we taken the position that recent comparable sales of similar property situated in the same community are the only basis for correctly estimating the value of the land under consideration. See Commonwealth Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, and Commonwealth Dept. of Highways v. Citizens Ice & Fuel Co., Ky., 365 S.W.2d 113.

▋ In 32 C.J.S. Evidence § 545, p. 299, this pertinent statement is set forth: "A witness, to be qualified to testify as to the value of realty, must know the property to be valued and the value of the property in the vicinity, must understand the standard of value, and must be possessed of the ability to make a reasonable inference."

We quote this general rule for the future guidance of the trial court in the event of a retrial of this case.

Wherefore, the judgment is reversed for further proceedings consistent with this opinion.