**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Sudie HOWARD, Appellee.**

Court of Appeals of Kentucky.
Feb. 7, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellant.

Julian H. Golden, Pineville, for appellee.

WILLIAMS, Judge.

In the Bell Circuit Court the appellee Sudie Howard was awarded $6,500 for .46 acre of land condemned by appellant. The judgment is attacked on two grounds: (1) The verdict is excessive and based on naked opinions of witnesses as to values rather than on statements of fact; (2) reversible error was committed when the circuit court refused to permit the Commonwealth's witnesses to testify concerning sale prices of comparable properties.

The landowner's witnesses possessed the necessary qualifications to testify concerning the value of the land taken. The evidence given by them was competent, although some of it was most questionable. The same was true in Commonwealth, Department of Highways, v. Fister, Ky., 373 S.W.2d 720. See also Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472. We do not decide the question of whether the verdict is excessive because the case must be sent back for a new trial on another ground.

The Commonwealth's witnesses were permitted to describe comparable property in the vicinity which had been sold within a reasonable time of the taking. The trial court did not permit the witnesses to state to the jury the amounts paid for the properties described. Testimony as to amounts paid was taken by way of avowal. In Commonwealth, Department of Highways, v. Slusher, Ky., 371 S.W.2d 851, we had before us a similar question which concerned property located on the same road involved in this case. We held it was error to refuse testimony concerning the comparable sales. In like manner it was prejudicial error in this case to reject testimony concerning prices paid in comparable sales.

The judgment is reversed.