COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Sallie LEMAR et al., Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Paul E. Hunley, Dept. of Highways, Frankfort, for appellant.

Julian H. Golden, Pineville, for appellees.

MONTGOMERY, Judge.

Sallie Lemar and her husband were awarded $15,700 in a condemnation action to obtain right of way for the relocation and reconstruction of U. S. 119 between Pineville and Harlan. The Department of High-ways on appeal contends that (1) Evidence of sale prices of comparable property should not have been rejected; (2) the resulting damages are excessive; and (3) the witnesses for the landowners were not properly qualified.

■ The admissibility of sale prices of comparable property has been considered recently. Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851; Commonwealth, Dept. of Highways v. Howard, Ky., 375 S.W.2d 398; and Commonwealth, Dept. of Highways v. Raleigh, Ky., 375 S.W.2d 384. In the Slusher and Howard cases judgments of the Bell Circuit Court involving the same project were reversed on this same point.

Appellees' property consisted of a 10-acre tract fronting on the highway. Access was over a neighbor's land. The property, hillside land, lay on a cut ten to thirty feet higher than the grade of the existing road and extended in a gradual incline up the mountainside. A strip containing 2.23 acres, including all improvements, was taken. The improvements consisted of a 7-room frame house, twenty-five years old, a garage, outhouse, well and cow shed.

■ The evidence rejected concerned three sales of property in 1957, 1958, and 1959. The date of the taking was fixed as May 1, 1961. Appellant's witnesses were not allowed to state the sale prices. Three sales of residence property on the same highway within three miles of the property taken were concerned. Each involved a small tract of land. The witnesses testified in detail concerning their knowledge of the properties. Under the principle stated in the cases cited, as well as in Commonwealth, Dept. of Highways v. Finley, Ky., 371 S.W.2d 854, and Commonwealth, Dept. of Highways v. Oakland United Baptist Church, Ky., 372 S.W.2d 412, the witnesses should have been permitted to testify to the sale prices of the property described as being comparable property. It was reversible error to reject this testimony.

Appellees admit by their motion to remit that the award of $700 for resulting damages is excessive. Since there will be a new trial in accord with Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, no further discussion of this point is necessary.

On the question concerning witness qualifications, see Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851, and Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720.

Judgment reversed for a new trial in conformity herewith.