**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Lucy SHACKLEFORD et al., Appellees.**

Court of Appeals of Kentucky.

June 5, 1964.

that such sales were voluntary. "However, it has been said that there is a presumption, in the technical and proper meaning of that word, that the price of land sold was fixed freely and not under compulsion. In the absence of evidence warranting a finding that a sale is made under such compulsion as to make the price inadmissible as evidence of value, consideration may be given to the sale." Nichols on Eminent Domain, § 21.31 (Vol. 5, p. 462).

It being unlikely that the other alleged errors of which the Commonwealth complains will re-occur upon a new trial it is unnecessary to discuss them.

The judgment is reversed with directions that a new trial be granted.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Phillip K. Wicker, Somerset (Dept. of Hwys.), for appellant.

Grant F. Knuckles, W. R. Lay, Pineville, Robert J. Watson, Middlesboro, for appellees.

PALMORE, Judge.

This is one of several highway condemnation cases arising out of the relocation and reconstruction of U. S. 119 between Pineville and Harlan. As in Commonwealth, Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851 (1963), Commonwealth, Dept. of Highways v. Howard, Ky., 375 S. W.2d 398 (1964), and Commonwealth, Dept. of Highways v. Lemar, Ky., 375 S.W.2d 678 (1964), it must be reversed for error in the refusal by the trial court to admit evidence of prices recently paid in private sales of comparable property. Appellees contend that the testimony was properly excluded because it· had not been shown