**314**

COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

George HOBSON et al., Appellees.

Court of Appeals of Kentucky.

Nov. 20, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, and Edmond H. Tackett, Prestonsburg, for appellant.

Paul E. Hayes, Prestonsburg, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment in a highway condemnation suit awarding the landowners $3,587.50 for the taking of two acres of bottom land and two acres of hillside in Floyd County.

The judgment must be reversed for error of the trial court in refusing to admit evidence offered by the Commonwealth of the prices paid in private sales of comparable property. See Commonwealth, Department of Highways v. Shackleford, Ky., 380 S.W.2d 77, and cases therein cited. The error was prejudicial because the prices in the comparable sales (shown by avowal) would have supported the testimony of the Commonwealth's appraisal witness that the land in question was worth only $1250. We do not accept the appellees' argument that because the verdict is closer in amount to the Commonwealth's value estimate than to the landowners' value estimates there was no prejudice.

The value estimate of one of the landowners, based solely on an offer he had received for the property, was subject to being stricken because it was based on an irrelevant factor. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472. However, the Commonwealth did not move to strike the testimony but moved only to strike "the answer of this witness as to what he bases his figure on." As pointed out in Tyree, such a motion is futile.

The testimony of the appraisal witnesses for the landowners had some probative value. Since there will be a new trial at which the verdict may be different, we shall not pass on the question of whether their testimony had sufficient probative value to sustain the verdict, or on the related question of whether the damages are palpably excessive. However, we deem it appropriate to say that the verdict, which in effect placed a value of more than $1500 per acre on two acres of bottom land in a remote area accessible only by a dirt road, strikes us at the least as coming very close to the permissible limits of generosity.

The judgment is reversed for further proceedings in conformity with this opinion.