**KENTUCKY TRUST COMPANY et al.,**
**Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPART-**
**MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 31, 1967.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, Charles W. Huddleston, Dept. of Highways, Bowling Green, for appellee.

DAVIS, Commissioner.

A jury awarded the appellant-property owners $1,600 in this condemnation proceeding; the property owners appeal, asserting that the verdict is grossly inadequate, that the trial court erred in excluding competent evidence offered by appellants, and that appellee's counsel made an improper and illegal closing argument.

Before the taking the tract consisted of about 177 acres, located on the Scottsville Road, U. S. Highway 231, within the city limits of Bowling Green. One of the appellants acquired an undivided half interest in the entire tract in December 1962, at a purchase price of $115,250. A public hearing had been held September 29, 1961, relating to the proposed interchange at Greenwood and I–65 and U. S. 231. The condemnation proceeding under consideration is incident to a portion of that construction.

For the Department of Highways two appraisal witnesses testified. One of them fixed the before value at $425,520 and the after value at $423,864, for a net difference of $1,656. The other placed the before value at $407,800 and the after value at $406,200, with a resulting difference of $1,600.

For the landowner-appellants there were two evaluation witnesses, one of whom placed the before value at $399,000 and the after value at $383,000—a difference of

$16,000. Appellants' other value witness fixed the before value at $432,000 and the after value at $417,500, for a difference of $14,500.

The jury's verdict placed $415,000 as the before value and $413,400 as the after value, resulting in a verdict of $1,600, as stated. The land taken is a sliver along the frontage, ranging from zero to 32 feet in depth and extending about 1,800 feet along U. S. 231. The area of the taken tract is 0.65 acres. Also acquired was a permanent easement embracing 1,500 square feet (50' x 30') for drainage purposes.

The old road was a two-lane, free access highway. The new road is to be a four-lane, limited access thoroughfare. Two entrances onto the new highway are provided in the plans; these entrance-ways are each sixty feet in width.

The argument for appellants points out that after strenuous effort and skilled planning they had developed a plan for the subdividing of the entire tract so that part of it would be for residential lots, part for a shopping center, part for apartment buildings; included in the over-all plan was a mall area, along with areas for a proposed school and a church as well as recreational and playground sites. Prior to the trial appellants had sold off two separate portions of the original tract, and in their judgment, the nature of the taking substantially disrupts their plans for development of the remaining portion of the tract.

■ The jury viewed the land and heard the witnesses. The verdict was well within the range of the testimony. The jury could have been persuaded to the appellants' position, but had the prerogative of accepting the Department's evidence. We are not persuaded that the verdict is grossly inadequate, nor that it appears to have been rendered as the result of passion or prejudice.

■ The trial court permitted the appellants to exhibit before the jury a general plan of their over-all proposed plan for development of the entire tract, but admonished the jury that it could be considered only as it tended to prove the highest and best use of the property; the court concluded the admonition by saying: " * * but any specific plan is not competent and you will not consider any specific plan for its use for this purpose." This action of the court was proper, and in accord with our rulings in Commonwealth, Dept. of Highways v. Vincent, Ky., 357 S.W.2d 678; Commonwealth, Dept. of Highways v. Evans, Ky., 361 S.W.2d 766; Commonwealth, Dept. of Highways v. Denny, Ky., 385 S.W.2d 776. In the latter case we said, in part:

"Our decision in Com. Dept. of Highways v. Vincent, Ky., 375 S.W.2d 678, resolves the question concerning the admitting in evidence of a plat reflecting a proposed subdivision of land. As noted in Vincent, the evidence is admitted for the limited purpose of demonstrating the susceptibility of the land to subdivision purposes." Id., 385 S.W.2d 778.

■ The appellants did not object to any portion of the closing argument of the Department's counsel. Neither was any request made for an admonition to the jury. The claimed errors in the argument were first presented in a motion for a new trial. The alleged error has not been preserved for appellate review. See Commonwealth, Dept. of Highways v. Darch, Ky., 390 S.W. 2d 649; Commonwealth, Dept. of Highways v. Teater, Ky., 397 S.W.2d 137.

The judgment is affirmed.

All concur.