COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Aggie STROTHER et al., Appellees.

Court of Appeals of Kentucky.

June 27, 1969.

John B. Breckinridge, Atty. Gen., Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Robert L. Hall, Covington, for appellant.

Thomas D. Theobald, Jr., Grayson, for appellees.

STEINFELD, Judge.

The Commonwealth appealed from a judgment which awarded the appellee property owners $49,000 as damages for property taken by condemnation for Interstate Highway No. 64, a limited-access highway. Appellant contends that the verdict is excessive and is not supported by evidence of sufficient probative value. We reverse.

This case involves Aggie Strother's farm on which Carl Littleton and his family had lived and worked for many years. It consisted of 365 acres (according to a mineral lease), or 381 acres (according to the tax records). It had a 2.99 acre tobacco base. Fifteen to twenty-five percent was bottom and tillable land, but the remainder was hilly and in woods. From 1948 to the taking it had been used as a dairy farm supporting some twenty cows, and for raising tobacco.

Appellant took forty-one acres in the form of a strip one hundred and fifty feet wide bisecting the farm. On this strip were two tobacco barns, a one and one-half story frame tenant house, stock barn, two-car frame garage, pond and several small buildings. Six or seven acres of bottom land were taken.

The larger of the two remaining areas contained approximately two hundred fourteen acres, all completely landlocked. About one hundred and eleven acres were left in the other section. These contained the same access as before, and the same improvements; however, the highway right-of-way was within six to eight feet of the dwelling house.

Appellees claim that the dairy operation was destroyed and that farming was made economically impracticable.

The witnesses for appellees gave "before" values ranging from $65,000 to $70,886, and "after" values from $13,000 to $20,646. The Commonwealth's witnesses estimated the "before" value at $30,000 and $31,500, and the "after" value at $13,000 and $13,200. The jury fixed the "before" value at $65,000 and the "after" value at $16,000, resulting in an award of $49,000. Without objection, a witness testified that the tax assessment, before the taking, was $15,000. After the taking, the tax records showed that the 111-acre portion was valued at $11,000 and the land-locked area

was not valued at all. The commissioners in the county court proceedings had reported that the owner should have received $20,000.

Appellant's argument in this appeal is primarily that the appellees' witnesses, with one exception, had an interest in the outcome of this litigation and their testimony reflects this interest. They did not give comparable sales to lend credence to their estimates of the values involved. The Commonwealth cites the cases of Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922, and Commonwealth, Department of Highways v. Darch, Ky., 390 S.W.2d 649, as standing for the proposition that a witness' testimony as to values of property must be backed by supporting facts to lend it probative value.

Two of appellees' four witnesses cited sales to substantiate their estimates, which sales they said were comparable, and one of these witnesses was a qualified land appraiser. His opinion was that the "before" value of this farm was $65,000 and the "after" value was $13,000, leaving a difference of $52,000. He gave various reasons to support his estimates and the jury returned a verdict which fell within his appraisal. The naked verdict was supported by evidence of probative value.

The question of "probative value" was fully considered in Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, cited by appellant. There, this court said:

"A properly qualified witness may testify as to before and after values, without stating any factors that he took into consideration, and his testimony will have some probative value. But such bare testimony lacks fullness of probative value to the extent that the other evidence in the record concerning the property falls short of lending credibility to the testimony. * * * But if the witness pointed out special facts and conditions that reasonably would be considered to reduce the value of the farm in the amount of his estimate, his testimony might achieve full credibility. The purpose, then, of 'supporting facts,' is to give the estimate of value more weight, more credibility, more probative value (greater quality of conviction)."

This court affirmed the award made to Tyree, even though his witnesses gave no comparable instances as to the values of the property involved. But each witness "stated factors he considered that would lend some degree of support to his estimate of values." Two of Strother's witnesses did not cite any comparable sales, but all gave factors which they claimed supported their opinions, i.e., an operating dairy farm (over half the farm is landlocked) the destruction of the dairy business, the taking and relocation of several buildings and the close proximity of the right-of-way to Littleton's home.

Appellee cites Kentucky Trust Co. v. Com., Department of Highways, Ky., 413 S.W.2d 350, and several other recent decisions in which this court upheld a jury verdict that was within the range of the witnesses' estimates and was supported by evidence of probative value. It does not seem necessary to discuss all those cases here, even though we are again faced with this problem. Each of those was decided on its particular facts and that is likewise true here.

The rule for determining whether or not a verdict is excessive was stated by this court in Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510:

"When the verdict is based upon substantive evidence of probative value it must be upheld even though we might prefer the opposite line of evidence or something in between. An exception would be in the case where the size of the verdict is so palpably excessive as to shock the enlightened conscience of the court, or when it is clear that it was the result of passion or prejudice.

**638**

"\* \* \* We must not be shocked by what may appear to us to be an excessive or inadequate award unless the verdict is clearly so exorbitant or so small that obviously an unreasonably large and unjust enrichment, or grossly inadequate compensation, to the condemnee will be the result of sustaining the verdict."

As noted above, the greater part of the farm was woods-covered and hilly, and from the testimony we glean that part was of little value. In the main, it was this land that became landlocked. The owner retained a major part of the land which had value, although the forty-one acres taken had some bottom land and improvements. We stated that without objection a witness testified the farm was assessed for taxation at $15,000. On June 8, 1965 the decision in Russman v. Luckett, Ky., 391 S.W.2d 694 was rendered declaring that for taxation all property must be assessed at 100% of its fair cash value. Three assessment dates had passed before the trial of the condemnation case we are considering. With much of the valuable part of the farm not taken and the taxation assessment indicated we conclude that "\* \* \* the size of the verdict is so palpably excessive as to shock the enlightened conscience of the court," or "\* \* \* that it was the result of passion or prejudice" on the part of the jury. Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510; Commonwealth v. Rankin, 346 S.W.2d 714 (1960) and Commonwealth, Department of Highways v. Hester, Ky., 421 S.W.2d 840 (1967).

We conclude that to permit the verdict to stand would result in unjust enrichment to the owner. Commonwealth, Department of Highways v. Stocker, supra.

The judgment is reversed with directions to grant a new trial.

MONTGOMERY, C. J., MILLIKEN and OSBORNE, JJ., concur.