**Mark A. SUMME, Appellant,**

v.

**Mary Anne Wimmers GRONOTTE, Appellee.**

**No. 2010–CA–000055–MR.**

Court of Appeals of Kentucky.

Sept. 9, 2011.

Scott R. Thomas, Fort Mitchell, KY, for appellant.

Todd V. McMurtry, Cincinnati, OH, for appellee.

Before ACREE, DIXON and NICKELL, JUDGES.

## OPINION

ACREE, Judge:

The issue before us is whether the Kenton Circuit Court abused its discretion in finding that appellee, Mary Gronotte, Executor of the Estate of Mary C. Wimmers, was qualified as a lay witness to provide opinion testimony as to the value of a parcel of property owned by the estate. Finding no abuse of discretion, we affirm.

### I. *Facts and Procedure*

Gronotte is the executor of the will and estate of her mother, Mary C. Wimmers. The estate includes a parcel of property located at 66 Orphanage Road in Fort Mitchell, Kentucky (the "Wimmers Property"). The appellant, Mark Summe, owns a parcel of land (the "Summe Property") which neighbors the Wimmers Property. The Wimmers Property and Summe Property are separated by a narrow, 20 feet long strip of land owned by a third party.

In May of 2004, Summe received a permit from the Northern Kentucky Area Planning Commission authorizing him to construct a low-rise, gently sloping, landscaped berm along the Wimmers Property line but entirely on the Summe Property and the adjoining strip of land.[1] Subsequently, Summe installed a large dirt berm, approximately 9.5 feet high and 125 to 130 feet long. The berm encroached on the Wimmers Property.

Because of the berm's extreme slope, it was frequently eroding and slipping onto the Wimmers Property. Additionally, the side of the berm facing the Summe Property was well landscaped, while the side facing the Wimmers Property contained tarps, rocks, and neglected vegetation.

1. Summe eventually obtained a "berm and landscape easement" from the third party owner permitting him to construct the berm on the strip of land.

Further, during the construction and maintenance of the berm, Summe and his authorized agents entered the Wimmers Property without authority.

In 2006, Gronotte filed suit in Kenton Circuit Court against Summe claiming the berm constituted a trespass and a nuisance encroaching upon the Wimmers Property. The circuit court conducted a jury trial from November 17 to November 19, 2009. At the trial, Gronotte was the only witness who testified regarding the Wimmers Property's fair market value and the reduction in value resulting from the alleged nuisance. The jury found in favor of Gronotte on both the nuisance and trespass claims and awarded her $17,000 in damages. Summe promptly appealed the circuit court's trial order and judgment.

## II. *Analysis*

On appeal, Summe submits three principal arguments: (1) Gronotte was not qualified to provide expert testimony regarding the value of the Wimmers Property; (2) Gronotte was not qualified as a lay witness to provide opinion testimony regarding the value of the Wimmers Property; and (3) the jury's verdict must be set aside because (i) the jury's damages award is contrary to the manifest weight of the evidence, and (ii) Gronotte failed to present any evidence of damages caused by a temporary nuisance or trespass to support the jury's verdict.

Summe first argues that, pursuant to Kentucky Rules of Evidence (KRE) 702,[2] Gronotte was not qualified to testify as an expert witness regarding the value of the Wimmers Property because she did not possess the requisite skill, experience, training, or education, and her opinions are unreliable because they fail to comport with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). KRE 702 and *Daubert* govern the relevance, reliability, and admissibility of expert testimony. A review of the record clearly indicates, however, that Gronotte provided *lay* testimony. At trial, Gronotte's counsel specifically stated, and the circuit court acknowledged, that Gronotte was testifying as a lay witness, not as an expert witness. Thus, Summe's first argument is inapplicable here.

Next, Summe contends the circuit court abused its discretion in permitting Gronotte to testify as a lay witness regarding the Wimmers Property's value. In reviewing the trial court's ruling on evidentiary issues, the appellate court applies an abuse of discretion standard. *Barnett v. Commonwealth*, 317 S.W.3d 49, 61 (Ky.2010). The trial court abuses its discretion if its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999).

It is well established in this Commonwealth that a properly qualified lay witness may render an opinion regarding the value of property. *Commonwealth, Department of Highways v. Slusher*, 371 S.W.2d 851, 853 (Ky.1963); *see also Commonwealth, Department of Highways v. Fister*, 373 S.W.2d 720, 721–23 (Ky. 1963); *Commonwealth, Department of Highways v. Tyree*, 365 S.W.2d 472, 475–78 (Ky.1963). To be so qualified, the lay

---

**2.** KRE 702 states as follows: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

witness must "know the property to be valued and the value of the property in the vicinity, must understand the standard of value, and must be possessed of the ability to make a reasonable inference." *Slusher*, 371 S.W.2d at 853 (citation omitted). It is well within the trial court's discretion to decide whether a lay witness is qualified to provide opinion evidence. *See, e.g., United States v. Pierce*, 136 F.3d 770, 773 (11th Cir.1998). The witness's "lack of specialized training goes only to the weight, not to the competency, of the evidence." *Tapp v. Owensboro Medical Health System, Inc.*, 282 S.W.3d 336, 339 (Ky.App.2009) (quoting *Owensboro Mercy Health System v. Payne*, 24 S.W.3d 675, 677 (Ky.App. 1999)).

Applying the *Slusher* factors to the case *sub judice*, it is evident the circuit court did not abuse its discretion in finding Gronotte was properly qualified to provide her opinion regarding the fair market value of the Wimmers Property. The first factor set forth in *Slusher* requires the witness to know the property to be valued. *Slusher*, 371 S.W.2d at 853. At trial, Gronotte testified she had been familiar with the property for over thirty years. Gronotte also testified that, even though she never officially resided at the property, she had stayed there often, and that she had become even more familiar with the property as the executor of her mother's estate.[3]

Second, this Court must examine whether Gronotte knew the value of the property in the surrounding area. Gronotte testified at trial that she had lived in Fort Mitchell, approximately one mile from the Wimmers Property, for the past twenty-eight years and, as a result, she was generally familiar with Fort Mitchell's property values. Additionally, Gronotte claimed that she had spoken to her realtor regarding the value of property in Fort Mitchell, visited similar homes in Fort Mitchell that were for sale, examined comparable homes for sale in real estate booklets, and conducted internet research regarding the prices of homes for sale in Fort Mitchell that were equivalent to the Wimmers Property.

The third factor asks whether Gronotte understood the proper standard of value. Gronotte testified that she was familiar with the term fair market value, and she correctly defined the term as what a willing buyer would pay for a parcel of property and a willing seller would accept for that property.

Finally, the fourth factor considers whether the lay witness is able to draw reasonable inferences. Gronotte testified that she was able to do so and responded appropriately to a real estate hypothetical propounded by her attorney. In sum, we are unable to conclude that the circuit court abused its discretion in finding that Gronotte was qualified to provide her lay opinion regarding the fair market value of the Wimmers Property.

However, Summe contends that we should disregard the *Slusher* factors in favor of an analysis under KRE 701 because *Slusher* pre-dates adoption of the Kentucky Rules of Evidence. We do not agree that the rule makes *Slusher* obsolete.

KRE 701 provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are: (a) Rationally based on the perception of the witness, (b) Helpful to a clear

---

**3.** Though not specifically noted at trial, this Court is cognizant that, as executor of her mother's estate, Gronotte is required to file an estate inventory specifically listing the estate's assets and each asset's corresponding market value. *See* KRS 395.250.

understanding of the witness' testimony or the determination of a fact in issue, and (c) Not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

KRE 701 was borrowed from the Federal Rules of Evidence, but it is clear that the rule represents a seamless continuation of this aspect of our jurisprudence. As Professor Lawson states it, "[t]he drafters' objective was not to effectuate major change in the operation of the law, for they made a point of saying that 'no significant change in pre-existing law results from the adoption of Rule 701.'" Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 6.05[2], at 403 (4th ed. & 2010 Supp.) (quoting Evidence Rules Study Committee, Kentucky Rules of Evidence–Final Draft, p. 67 (Nov.1989)). On the contrary "[t]he objective was instead to bring the law into alignment with its operational effect ('recogniz[ing] that opinion testimony from lay witnesses is often admissible'), and to debunk the deeply-rooted notion that there is something inherently illegitimate about lay opinion testimony." *Id.* (footnote omitted).

Furthermore, since adoption of Rule 701, our Supreme Court has regularly turned to pre-Rules case law when determining the admissibility of lay opinion testimony. *See, e.g., Crowe v. Commonwealth,* 38 S.W.3d 379, 384 (Ky.2001) (citing two such cases); *Clifford v. Commonwealth,* 7 S.W.3d 371, 374–75 (Ky.2000) (citing five such cases). Therefore, we are confident that the guidelines provided by *Slusher* remain worthy of following.

Accordingly, if a lay witness satisfies the factors set forth in *Slusher,* we can be assured, under KRE 701(a) and (b), that a rational connection exists between the facts upon which the opinion is based and the opinion itself, and that the lay opinion is helpful to the trier of fact. All that remains is assuring, under KRE 701(c), that the lay opinion is not based on scientific, technical, or other specialized knowledge. In this case, the lay opinion testimony satisfied these requirements, including the requirement that the layperson's testimony avoid the realm of expert opinion. *Slusher,* 371 S.W.2d at 853; *see also Ellison v. R & B Contracting, Inc.,* 32 S.W.3d 66, 82 (Ky.2000) (Johnstone, J., dissenting) ("Indeed, our case law clearly holds that an owner of land or other lay witness is not excluded from testifying as to the value of property on grounds that he or she is not an expert.").[4]

Finally, Summe asserts that the jury's verdict must be set aside because (1) the jury's damages award is contrary to the manifest weight of the evidence, and (2) Gronotte failed to present evidence of damages caused by a temporary nuisance or trespass. Summe failed to include in his brief, however, statements identifying how he preserved these issues for appeal, as required by Kentucky Rules of Civil Procedure (CR) 76.12(4)(c)(v).[5] An appellant will not be heard to complain that the trial court failed to follow rules of law, unless he himself reasonably follows the rules of this Court. *See Hallis v. Hallis,* 328 S.W.3d 694, 696 (Ky.App.2010); *Louisville and Jefferson County Metropolitan*

---

4. Summe also argues that the circuit court erred in denying his motion for a directed verdict because Gronotte was not qualified to provide testimony as to the value of the Wimmers Property. In light of our conclusion that Gronotte was properly qualified as a lay witness to provide such testimony, Summe's claim of error is without merit.

5. CR 76.12(4)(c)(v) requires that all appellate briefs include "[a]n 'ARGUMENT' ... which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

*Sewer Dist. v. Bischoff,* 248 S.W.3d 533, 536 (Ky.2007) (emphasizing that procedural rules "do not exist for the mere sake of form and style" and thus their "importance simply cannot be disdained or denigrated"). Accordingly, our review is confined to manifest injustice. *Elwell v. Stone,* 799 S.W.2d 46, 47–48 (Ky.App.1990).[6]

Manifest injustice exists only if the error "so seriously affected the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Commonwealth v. Jones,* 283 S.W.3d 665, 668 (Ky.2009) (citing *Martin v. Commonwealth,* 207 S.W.3d 1, 4 (Ky.2006)). We find no basis for concluding that manifest injustice has resulted from the alleged errors asserted by Summe, and we are not persuaded by Summe's arguments on these issues. Indeed, even if such errors existed, they are not so "shocking or jurisprudentially intolerable" as to rise to the level of manifest injustice.

### III. *Conclusion*

The Kenton Circuit Court did not abuse its discretion in finding that Gronotte was qualified as a lay witness to provide opinion testimony as to the value of the Wimmers Property. Accordingly, the Kenton Circuit Court's trial judgment and order is affirmed.

ALL CONCUR.

---

**6.** After an extensive review of the record, we are unable to determine that Summe even properly preserved these issues in the court below. It is well established that the parties must precisely preserve and identify in the trial court the errors to be reviewed by the appellate court. *Carrier v. Com.,* 142 S.W.3d 670, 676–77 (Ky.2004); *see also Little v. Whitehouse,* 384 S.W.2d 503, 504 (Ky.1964) ("[A] party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity to correct it."). Substantively, an error not preserved need not be reviewed at all. However, in order to give Summe the benefit of the doubt, we will review the alleged errors for manifest injustice.