RENDERED:  OCTOBER 17, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0996-MR

PAUL CARTER                                                APPELLANT

APPEAL FROM MCCRACKEN FAMILY COURT
v.      HONORABLE DEANNA WISE HENSCHEL, JUDGE
ACTION NO. 22-CI-00343

RHONDA CARTER                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Paul Carter ("Paul") appeals from the McCracken Family

Court's decision calculating his temporary maintenance arrearage and declining his

motion to order his ex-wife, Rhonda Carter ("Rhonda"), to reimburse him for

personal property items which Paul alleges he was unable to retrieve from the

former marital home.  We affirm.

Rhonda did not submit an appellee brief and Paul's brief does not

substantially comply with the Kentucky Rules of Appellate Procedure ("RAP").

Therefore, before we may relate the case's underlying facts and procedural history and attempt to analyze the issues, we must first resolve what sanctions should be imposed upon the parties.

RAP 31(H)(3) provides that "[i]f the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." We also have the discretion to decline to exercise any of those options. *See, e.g.*, *F.E. v. E.B.*, 641 S.W.3d 700, 705 (Ky. App. 2022).[1] We decline to exercise any of the RAP 31(H)(3) options under these circumstances.

Likewise, we leniently decline to strike Paul's brief despite its substantial failure to comply with RAP briefing rules. In truncated form, Paul's brief contains the following deficiencies:

- Paul provides only one citation to the written record in his entire brief, and none to the video record of proceedings. *See* RAP 32(A)(3)-(4) (requiring the statement of the case and argument sections of an

---

[1] *F.E.* was decided under the former version of Kentucky Rule of Civil Procedure ("CR") 76.12. However, the relevant portion of CR 76.12 was superseded by the functionally identical provisions of RAP 31(H) on January 1, 2023.

appellant's opening brief to each contain "ample" references to the record);

- Paul provides only one citation to authority, and that is a citation to an unpublished decision which is not set forth in the proper citation format. *See* RAP 41(A) (explaining the limited circumstances in which a party may cite unpublished authority, which is "disfavored"); RAP 41(C)(1) (providing the proper format for citing to unpublished opinions); RAP 32(A)(4) (requiring the argument section of an appellant's opening brief to contain "citations of authority pertinent to each issue of law");

- Paul's index does not state where the items in his appendix may be located in the record. *See* RAP 32(E)(1)(d) (providing that "[t]he first item of the appendix shall be a listing or index of all documents included in the appendix. The index shall set forth where each document may be found in the record.");

- Paul has not provided preservation statements for either of his arguments. *See* RAP 32(A)(4) (providing that the argument section of an appellant's opening brief "shall contain at the beginning of the argument a statement with reference to the record showing whether

the issue was properly preserved for review and, if so, in what manner.").

Frankly, "[w]e expect a greater degree of competency from appellate advocates than has been shown in this case." *Hamburger v. Plemmons*, 654 S.W.3d 99, 102 (Ky. App. 2022). A cursory Westlaw review showed that Paul's counsel has at least once before submitted a brief which lacked preservation statements. *Howard v. Walls*, No. 2011-CA-001466-ME, 2012 WL 1886791, at *2 (Ky. App. May 25, 2012) (unpublished). We implore Paul's counsel to scrutinize RAP and the briefing aids available for free on our website, such as the basic appellate handbook. *See* https://www.kycourts.gov/Courts/Court-of-Appeals/Documents/P56BasicAppellatePracticeHandbook.pdf (last visited September 17, 2025).

It is beyond reasonable doubt that Paul's brief does not comply substantially with RAP, and thus it would be proper for us to strike his brief and dismiss this appeal. *See* RAP 10(B); RAP 31(H)(1). Nonetheless, we decline to strike his brief or to dismiss this appeal.

Instead, we have elected to review the issues Paul raises in his deficient brief for palpable error only due to his failure to provide preservation statements. *See Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021) (holding that "[i]f a party fails to inform the appellate court of where in the record his issue

-4-

is preserved, the appellate court can treat that issue as unpreserved."). *See also J.P.T. v. Cabinet for Health and Family Services*, 689 S.W.3d 149 (Ky. App. 2024). Counsel should not expect us to afford such leniency again.

Under CR 61.02, "[a] palpable error which affects the substantial rights of a party may be considered . . . by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error." An error is palpable only if it is so "shocking or jurisprudentially intolerable[,]" *Summe v. Gronotte*, 357 S.W.3d 211, 216 (Ky. App. 2011) (internal quotation marks and citations omitted), that it "jumps off the page . . . and cries out for relief." *Chavies v. Commonwealth*, 374 S.W.3d 313, 323 (Ky. 2012) (internal quotation marks and citations omitted).

Having set forth the limited nature of our review, we now relate the essential facts and underlying procedural history of this appeal. Paul and Rhonda had been married for decades when Rhonda filed a petition for dissolution in 2022. Later that year, the McCracken Family Court issued an agreed order for temporary maintenance requiring Paul to pay Rhonda $3,300.00 per month. Rhonda filed multiple motions for contempt, alleging Paul had not made the required temporary maintenance payments. In August 2023, the trial court issued a limited dissolution

decree which dissolved the marriage but did not address pending issues such as maintenance and property division.

The court held a final evidentiary hearing in October 2023 and issued its findings of fact, conclusions of law, and supplemental decree of dissolution in January 2024. The supplemental decree noted that the parties could not agree on what items of personal property remained in the marital home and referenced Rhonda's assertion that Paul had already removed many personal property items from that home. The supplemental decree contained a detailed list of the personal property awarded to Paul and Rhonda, though the court held it would "not assign a value to either party['s personal property]."

The family court concluded Rhonda was not entitled to ongoing, further maintenance. However, the court ordered Paul to pay "any outstanding temporary maintenance" to Rhonda within thirty days without specifying the arrearage.

Because of the parties' ongoing disputes, the family court later issued a docket order stating that Paul would go to the marital residence at a stated date and time to retrieve his personal property, including the firearms listed as his personal property in the supplemental decree. Paul later asserted he was unable to retrieve all the personal property, particularly numerous firearms, so he asked the family court to require Rhonda to pay him over $40,000.00 for the personal

-6-

property he claims he was unable to retrieve.  Also, the parties were unable to agree on Paul's temporary maintenance arrearage.

In April 2024, the family court held a hearing to determine the temporary maintenance arrearage and to resolve the personal property issues.  A few months later, the court issued an order finding that Paul's temporary maintenance arrearage was slightly under $10,000.00 as of July 31, 2023.  The court then found that Paul had an additional temporary maintenance arrearage of slightly under $10,000.00 which had accrued beginning on August 1, 2023.  The total arrearage calculated by the family court which it ordered Paul to pay Rhonda thus was $19,619.76.

As to the personal property, the court declined to require Rhonda to reimburse Paul.  The court held that Paul's current valuations were "significantly higher" than he had listed in his earlier verified disclosure statement.  The court also noted that Paul had not provided evidence at the final hearing regarding the valuation of the property in question, so the court had been unable to value the personal property in the supplemental decree.  Consequently, the court held that it "has no basis to retroactively assign a value now."  Paul then filed this appeal.

Paul raises two issues.  First, he contends the trial court erred by denying his request to receive compensation for the personal property he alleges he

has not been able to obtain. Second, he argues the trial court improperly calculated his temporary maintenance arrearage.

In addition to not complying with RAP, Paul's brief is fatally terse and conclusory. Paul does not cite to the record or binding authority in either argument. In sum, Paul's cursory arguments are devoid of meaningful analysis and so he is not entitled to appellate relief. *See Schell v. Young*, 640 S.W.3d 24, 32 (Ky. App. 2021) (holding that "a terse, conclusory assertion wholly unaccompanied by meaningfully developed argument or citation to authority is insufficient to merit appellate relief."); *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 759 (Ky. App. 2005) (alleged errors "may be deemed waived" if an appellant fails to cite supporting authority and it is not an appellate court's job to research or make arguments on behalf of litigants).

As to the personal property, Paul states he provided the family court with "a list of values that were associated with the items that were awarded to him but that were not returned." But he does not cite to where we may view that list in the record, which we shall not search on Paul's behalf. *See*, *e.g.*, *Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019). In fact, Paul does not even specify precisely which items awarded to him in the supplemental decree he was unable to obtain. Instead, the statement of the case section of his brief only generically

refers to "guns, tools and collectibles." Paul also provides no specific evidentiary support for his assertion that the property at issue is worth over $40,000.00.

The trial court held that it could not place a value on Paul's allegedly missing personal property because he did not present valuation evidence at the final hearing. Paul has not provided specific citations to the record showing where he did present such valuation evidence. Nor has he cited any legal authority to show that the trial court's conclusion is in error. Paul also has not cited to any specific evidence of record or legal authority to show that the family court erred in holding that many of the allegedly missing personal property items had only "significant sentimental value . . . ."

We do not take lightly a party being unable to obtain property awarded by a court order. However, a person claiming to be deprived of such property must show specifically which items were unavailable and offer evidence of the proper value to obtain relief on appeal. Paul has done neither. Consequently, his cursory, lackluster personal property argument is insufficient to entitle him to palpable error relief.

The same conclusion applies to Paul's argument that the family court improperly calculated his temporary maintenance arrearage. Paul cites to neither the record nor legal authority to support his assertion that he "overpaid [Rhonda] a total of $16,500.00 in maintenance" so "[t]he total amount owed to [Rhonda] for

past due maintenance is $3,119.76." Paul does not cite to any supportive evidence in the record. We cannot blindly accept his argument about the amount of temporary maintenance he owed or the amount thereof he paid. We decline to conduct an exhaustive search of the record to see if there is evidentiary support for Paul's assertions. *Roth*, 567 S.W.3d at 595. Simply put, Paul's fleeting, unclear argument is insufficient to obtain appellate relief. *Schell*, 640 S.W.3d at 32.

Of course, we disapprove of any party being required to pay an incorrect amount of maintenance. But a party raising such a claim must provide us with specific factual and legal support for their assertions. Here, Paul has provided neither. As a result, Paul has not shown a sufficient entitlement to palpable error relief.

For the foregoing reasons, the McCracken Family Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Heather L. Jones
Paducah, Kentucky